**Paul R. BLAGAICH, Petitioner,**

v.

**DEPARTMENT OF**
**TRANSPORTATION, Respondent.**

**No. 02–3150.**

United States Court of Appeals,
Federal Circuit.

DECIDED: May 13, 2003.

Rehearing Denied June 11, 2003.

Before SCHALL, Circuit Judge, ARCHER, Senior Circuit Judge, and PROST, Circuit Judge.

## DECISION

PER CURIAM.

Paul R. Blagaich petitions for review of the final decision of the Merit Systems Protection Board ("Board") that sustained the action of the Department of Transportation ("agency") removing him from his position as an Air Traffic Control Specialist with the Federal Aviation Administration ("FAA") for failure to maintain a security clearance. *Blagaich v. Dep't of Transp.*, 90 M.S.P.R. 619 (2001) (*"Blagaich"*). We *affirm.*

## DISCUSSION

### I.

Prior to his removal, Mr. Blagaich was assigned to the FAA's Chicago Air Route Traffic Control Center located in Aurora, Illinois. As an Air Traffic Control Specialist, he was required to have a security clearance.

In 1994, Mr. Blagaich was arrested and charged with several offenses. Following his arrest, the agency suspended his security clearance and assigned him to administrative duties for which a security clearance was not required. Eventually, after he was convicted on various charges, the agency removed him from his position on May 23, 1998, based upon the conduct underlying the convictions. Mr. Blagaich grieved his removal, and the matter proceeded to arbitration. In a decision dated September 21, 1998, the arbitrator found the charge in the removal action sustained but mitigated the removal to a "conditional[ ] indefinite suspension." Under the arbitrator's decision, the suspension was to cease upon the fulfillment of all the conditions set forth in the decision, but in no event later than six months from the date of the decision. One of the conditions set forth in the decision was that Mr. Blagaich obtain "an effective 'security clearance' status."

In March of 1999, after additional direction from the arbitrator, Mr. Blagaich was returned to an Air Traffic Control Specialist position, but he was left in administrative leave status. Effective November 10, 1999, he was removed again for his prior criminal conduct, but the action was cancelled by the agency on December 21, 1999.

Meanwhile, on July 2, 1999, the FAA's Office of Civil Aviation Security Operations revoked Mr. Blagaich's security clearance, which had been suspended. It took this action based upon Mr. Blagaich's criminal conduct and certain other considerations. Subsequently, after the agency's Personnel Security Review Board upheld the revocation, the agency removed Mr. Blagaich from his position, effective February 8, 2000, for failure to maintain his security clearance.

Mr. Blagaich appealed his removal to the Board. In an initial decision dated December 21, 2000, the administrative judge ("AJ") sustained the removal based upon the Board's limited jurisdiction to review an adverse action that is based upon the denial or revocation of a security clearance. *See Dep't of the Navy v. Egan,* 484 U.S. 518, 108 S.Ct. 818, 98 L.Ed.2d 918 (1988). Thereafter, on December 20, 2001, the Board denied Mr. Blagaich's petition for review. However, the Board reopened

the appeal on its own and affirmed the AJ's initial decision with modification. *Blagaich,* 90 M.S.P.R. at 620. The Board rejected Mr. Blagaich's contention that, under the doctrine of *res judicata,* the agency was barred by the arbitrator's mitigation of the 1998 removal and thus could not remove Mr. Blagaich in 2000 for failure to maintain his security clearance. The Board stated:

[The 1998] removal action was taken as a result of the misconduct that led to the appellant's convictions. . . . Similarly, his short-lived second removal appears to have been based on the same cause of action. The removal now before us was the first and only removal action that had been based on his loss of the security clearance that is necessary for him to remain in his official position, which undisputedly requires the incumbent to possess a security clearance. The appellant's contention that this situation calls for the application of *res judicata* against the agency, *i.e.,* enforcement of the arbitrator's decision mitigating the removal, fails. As he points out, application of that doctrine requires, among other things, that the cause of action in the two situations at issue be the same. . . . Here, the cause of action of the third removal differs from that of the first (and the cancelled second).

*Id.* at 623–24.

The Board also rejected two additional contentions that Mr. Blagaich made. First, it determined that Mr. Blagaich was not denied due process because the agency failed to provide him with a full, unredacted copy of a document entitled "Case Summary of Response," which he alleged was considered *ex parte* by the agency. The Board pointed out that the document was created during the process leading to the revocation of the security clearance, not during the removal action, and that Mr.

Blagaich was in possession of the unredacted document before he filed his appeal in May of 2000. *Id.* at 625. Second, the Board held that the deciding official had not failed to conduct a proper *"Douglas* factors" analysis when he testified that he believed he had no authority to impose any penalty other than removal. *See Douglas v. Veterans Admin.,* 5 MSPB 313, 5 M.S.P.R. 280, 305–06 (1981). The Board observed that a removal based upon failure to maintain a required security clearance differs from the typical adverse action, in that "the usual considerations that are relevant in determining if an adverse action penalty should be mitigated are not applicable in determining whether proper cause for the removal penalty exists in such a case." *Id.* at 626.

Mr. Blagaich now appeals the Board's final decision to us. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *see Kewley v. Dep't of Health & Human Servs.,* 153 F.3d 1357, 1361 (Fed. Cir.1998). On appeal, Mr. Blagaich raises several arguments. Having considered them, we do not believe that he has established error in the Board's decision.

■ As he did before the Board, Mr. Blagaich argues that the February 2000 removal action was barred by the doctrine of *res judicata* based upon the 1998 arbitration decision. As noted above, the Board considered this argument and determined that it was without merit. We

reach the same conclusion. Under the doctrine of *res judicata,* a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action. *Jet, Inc. v. Sewage Aeration Sys.,* 223 F.3d 1360, 1362 (Fed.Cir.2000) (citations omitted). We agree with the Board that the prior arbitration proceeding, which involved Mr. Blagaich's removal based upon his criminal conduct, was not "the same cause of action" as the February 2000 removal action, which was based upon Mr. Blagaich's failure to maintain the security clearance required for his position.

■ In addition, Mr. Blagaich argues, as he did before the Board, that the agency's removal action should be reversed because he was denied due process in connection with the revocation of his security clearance when the agency allegedly considered the document entitled "Case Summary of Response" *ex parte.* This contention is without merit. The Supreme Court has noted that no one has a right to a security clearance:

> The grant of a clearance requires an affirmative act of discretion on the part of the granting official. The general standard is that a clearance may be granted only when "clearly consistent with the interests of the national security."

*Egan,* 484 U.S. at 528 (citations omitted). The Supreme Court has further noted that the Board does not have authority to review a security-clearance determination, but that an employee who is removed for "cause" under 5 US.C. § 7513, when his required clearance is denied, is entitled to the procedural protections enunciated in that statute. *Id.* at 530. Relying on *Egan,* we have stated that when an agency action is challenged under the provisions of chapter 75 of title 5, "the Board may determine whether a security clearance was denied, whether the security clearance was a requirement of the appellant's position, and whether the procedures set forth in section 7513 were followed, but the Board may not examine the underlying merits of the security clearance determination." *Hesse v. Dep't of State,* 217 F.3d 1372, 1376 (Fed.Cir.2000) (citations omitted).

Although Mr. Blagaich seems to agree with the above-mentioned principles of *Egan* and *Hesse,* he nevertheless argues that his case dictates a different result. Specifically, Mr. Blagaich relies on *Vitarelli v. Seaton,* 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012 (1959) and argues that the agency's removal action should be reversed because the agency violated its regulations concerning *ex parte* submission and consideration of evidence when it considered the "Case Summary of Response" *ex parte* in connection with the revocation of his security clearance. In our view, *Vitarelli* does not help Mr. Blagaich because *Vitarelli* relates to a removal action and the procedural protections that an employee is entitled to in such an action. Nothing in *Vitarelli* suggests that the Board is empowered to review the procedures used in revoking an employee's security clearance. In short, Mr. Blagaich's due process argument is without merit.

Mr. Blagaich's final argument is that the position from which he was removed did not require a security clearance. We are not persuaded by this argument. It is true that after the arbitrator mitigated the first removal action, the agency assigned Mr. Blagaich to administrative duties. The fact remains, however, that Mr. Blagaich was removed from a position that required a security clearance.

For the foregoing reasons, the final decision of the Board is affirmed.

No costs.