NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ODESSA W. PHILLIPS,**
*Petitioner,*

**v.**

**DEPARTMENT OF THE AIR FORCE,**
*Respondent.*

---

2010-3160

---

Petition for review of the Merit Systems Protection Board in case no. AT0752100006-I-1.

---

Decided: January 18, 2011

---

ODESSA W. PHILLIPS, Palm Bay, Florida, pro se.

A. BONDURANT ELEY, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and TODD M. HUGHES, Deputy Director.

---

Before GAJARSA, DYK, and PROST, *Circuit Judges.*

PER CURIAM.

Ms. Odessa W. Phillips appeals the final order of the Merit Systems Protection Board ("MSPB" or "Board") that denied her petition for review, making the initial decision of the Administrative Judge ("AJ") final. In her initial decision, the AJ found that the Department of the Air Force ("Air Force" or "agency") followed regulations proscribed in 5 U.S.C. § 7513, properly explained to appellant her appeal rights in writing, and that the appellant failed to show that the agency committed error. The AJ also determined that the appellant failed to establish any affirmative defense, and thus affirmed the agency's action. Because the Board did not commit any legal error, we *affirm*.

## BACKGROUND

Ms. Phillips was employed by the Air Force at Patrick Air Force Base, Florida, as a Guidance Counselor. The Guidance Counselor position is designated as non-critical sensitive and requires a security clearance as a condition of employment. On May 14, 2008, the Air Force issued a Statement of Reasons ("SOR") to revoke Ms. Phillips's eligibility for access to classified information, to which Ms. Phillips responded in writing. On August 19, 2008, the Air Force Central Adjudication Facility ("AFCAF") issued a Letter of Denial ("LOD") denying Ms. Phillips's security clearance eligibility for access to classified information. The LOD stated that Ms. Phillips could appeal the LOD "in one of two ways":

> a. By notifying the Personnel Security Appeal Board . . . within 10 calendar days after you receive this LOD of your intent to appeal directly to the

PSAB and by providing the PSAB within the next 30 calendar days with any supporting material not already provided as to why the LOD should be overturned; OR

b.  By requesting a personal appearance before an Administrative Judge to present your case. If you request a personal appearance, it must be sent to the Air Force Central Adjudication Facility . . . within 10 calendar days of your receipt of the LOD. A form (attachment 2) for requesting a personal appearance is appended.

On October 6, 2008, Ms. Phillips signed a "Notice of Intent to Appeal" form on which it indicated to "check one of the following": a) to appeal directly to the Personnel Security Appeal Board ("PSAB"), or b) a personal appearance before a Deference Office of Hearings and Appeals ("DOHA") AJ. On that form, Ms. Phillips elected the PSAB appeal option.

On May 7, 2009, the PSAB upheld the AFCAF decision to revoke her security clearance. On June 29, 2009, Ms. Phillips attempted to appeal the PSAB's final decision to a DOHA AJ.

On July 1, 2009, the Air Force issued a Notice of Proposed Removal, citing "loss of condition of employment" as the reason. Ms. Phillips submitted written replies to the notice, but the removal became final on August 28, 2009. Ms. Phillips appealed her removal to the MSPB. She requested a hearing, which was conducted by telephone on December 9, 2009.

In the initial decision, the AJ found that "the agency explained the appellant's appeal rights to her in writing, as it was required to do and that the appellant failed to show that the agency committed any error in this regard." The AJ concluded that Ms. Phillips also failed to establish any affirmative defense, and thus affirmed the agency's action.

Ms. Phillips then filed a petition for review with the full Board. The MSPB denied the petition for review, making the initial decision of the AJ final. The Board also found that Ms. Phillips "failed to preserve for review her claim that the [AJ] . . . erred in allowing a witness to testify without producing her notes," and so denied her request to remand the appeal. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2006).

## ANALYSIS

This court may reverse a decision of the MSPB only if it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Dickey v. Office of Pers. Mgmt.*, 419 F.3d 1336, 1339 (Fed. Cir. 2005).

Ms. Phillips first asserts that the "Agency did not comply with discovery. The main security document had over 40 page[s] missing that was used to deny the Appellant her clearance." However, the MSPB is precluded from conducting a review of the merits of a security clearance revocation where an employee is removed for cause for failure to maintain a security clearance. *Dep't of Navy v. Egan*, 484 U.S. 518, 530-31 (1988). Thus, the AJ properly excluded such evidence and testimony concern-

ing the merits of Ms. Phillips's security clearance from the proceedings.

To the extent that Ms. Phillips is arguing that she should have been reassigned to a position that did not require a security clearance, the Board's review of the penalty imposed upon her was limited to considering whether the Air Force has a formal policy requiring reassignment, and if so, whether there is a position to which she could have been reassigned. *Blagaich v. Dep't of Transp.*, 63 Fed. Appx. 476, 479 (Fed. Cir. 2003). The AJ found, and Ms. Phillips does not dispute in this appeal, that she did not identify any formal policy requiring the Air Force to reassign her to a position that did not require a security clearance. Thus, the AJ correctly recognized the MSPB's limits on appeal and her decision is legally correct.

Third, Ms. Phillips asserts that she "was denied the right to call her witnesses at the hearing" and that "Appellant has [been] given the right to raise his [sic] prohibited discrimination [claims]." However, Board review of such issues is prohibited: "The Board may not rule on the agency's security-sensitive judgments and discrimination and reprisal allegations that are inextricably intertwined with the agency's denial of a security clearance." *Hinton v. Dep't of Navy*, 61 M.S.P.R. 692, 697 (1994). Therefore, these issues were properly excluded from consideration by the AJ.

Next, Ms. Phillips argues that that the Air Force failed to follow DOD 5200.2-R, Air Force Instruction 31-501(f), and the written instructions set out in a form letter dated August 19, 2009 from AFCAF, because the agency allegedly failed to "ensure" that she "understood" her appeal rights. The AJ however, correctly concluded that neither regulation requires the Air Force to "ensure" Ms.

Phillips "underst[ood]" her appeal rights following the issuance of a LOD.

Further, the evidence in the record shows that the Air Force did follow the proscribed regulations. Although Ms. Phillips denied receiving both the August 19, 2009 letter and a form entitled "Instructions for Appealing a Letter of Denial/Revocation," she admitted to receiving the August 19, 2009 LOD. In that letter, the agency unequivocally advised her in writing that she could appeal the LOD in "one of two ways": (1) in writing before the PSAB, or (2) by requesting a personal appearance before a DOHA AJ. Thus, there is substantial evidence in the record to support the AJ's finding that the Air Force explained to Ms. Phillips that she could elect to appeal her LOD in one of two ways.

The AJ also considered Ms. Phillips's testimony, in which she indicated that she understood from her conversation with Michael Breitner, an Air Force Personnel Security Manager, that she could appeal to a DOHA AJ if the PSAB denied her appeal. However, the AJ found that she was unable to identify any specific statements by Mr. Breitner that led her to that belief. In addition, she conceded that both appeal options were discussed and that, as the AJ found, all the documentation she acknowledged she received reflected that she had a choice of only one of two options. Ms. Phillips's contentions were further contradicted by the testimony of Mr. Breitner, whom the AJ found to be a more credible witness.

Ms. Phillips also argues that Mr. Breitner was not required to produce certain documents that he consulted during his hearing testimony and that he "had full use of his computer while he was testifying." However, because these arguments could have been made at the hearing, but were not, the arguments are waived on appeal.

Lastly, Ms. Phillips argues some procedural points, such as the agency's lack of "evidence about the identity of the employee who furnished . . . [her] with the LOD or even the date that Ms. Phillips received the LOD," whether a live court reporter was present for the hearing, the production of "pre-hearing tapes" on remand to the Board, and whether Mr. Breitner was the correct individual to be processing her clearance. Her allegations are irrelevant to the issues in the present case and do not present a basis for reversal of the Board's decision.

Accordingly, because Ms. Phillips has failed to establish any affirmative defense to her removal, and because the decision of the AJ is supported by substantial evidence, we affirm.

No costs.