NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**NICOLE A. ROSE,**
*Petitioner*

**v.**

**DEPARTMENT OF THE AIR FORCE,**
*Respondent*

---

2025-1120

---

Petition for review of the Merit Systems Protection Board in No. DC-0752-22-0510-I-1.

---

Decided:  September 5, 2025

---

NICOLE A. ROSE, Goldsboro, NC, pro se.

RUSSELL JAMES UPTON, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by DEBORAH ANN BYNUM, PATRICIA M. MCCARTHY, YAAKOV ROTH.

---

Before HUGHES, STARK, *Circuit Judges*, and
WANG, *District Judge*.[1]

PER CURIAM.

Nicole A. Rose appeals the final decision of the Merit Systems Protection Board sustaining her removal from her position in the Air Force for failure to fulfill a condition of employment. Because the Board's decision was in accordance with the law and supported by substantial evidence, we affirm.

I

In 2019, the Air Force selected Ms. Rose for a civilian competitive service position as an IT specialist at the Seymour Johnson Air Force Base in North Carolina. S.A. 7.[2] One of the conditions of employment for her position was the completion of Information Assurance (IA) Certification within six months of beginning work. S.A. 7, 12–13. Ms. Rose attended an agency-approved IA certification course, the CompTIA Security Plus course, but did not pass the examination for certification on her first attempt. S.A. 14. The agency permitted her to study for up to four hours a day during work hours to prepare to retake the exam. S.A. 14. Ms. Rose took the exam a second time in November 2021 and a third time in March 2022, but she did not pass either time. S.A. 14. In May 2022, Ms. Rose's first-line supervisor proposed her removal for failure to meet a condition of employment. S.A. 7, 9. The agency removed Ms. Rose effective June 16, 2022, pursuant to its removal power under 5 U.S.C. Chapter 75. S.A. 8.

---

[1]    The Honorable Nina Y. Wang, District Judge, United States District Court for the District of Colorado, sitting by designation.

[2]    Citations to "S.A." refer to the Supplemental Appendix submitted by the Respondent with its briefing.

Ms. Rose appealed her removal to the Board. The administrative judge found that there was no bad faith or patent unfairness in how the agency handled Ms. Rose's failure to satisfy a condition of employment, and that Ms. Rose had failed to prove harmful procedural error. *Rose v. Dep't Air Force*, No. DC-0752-22-0510-I-1 (M.S.P.B. Mar. 20, 2023); S.A. 6–32 (Initial Decision). Although the deciding official did not consider the *Douglas* factors when weighing his decision to take adverse action—as was required by the agency's own instructions—the administrative judge concluded the error was harmless because the deciding official "still would have removed the appellant for her failure to meet a condition of employment." S.A. 18–19. The administrative judge found that the deciding official had "credibly testified" as much, and that his testimony "directly or indirectly contained his analysis and conclusion of the relevant *Douglas* factors." S.A. 19. Finally, the administrative judge held that that the agency had no obligation under agency policies or regulations to reassign her. S.A. 23–24.

Ms. Rose subsequently petitioned for full Board review. The Board denied her petition and affirmed the Initial Decision except as modified to independently weigh the relevant *Douglas* factors. *Rose v. Dep't Air Force*, No. DC-0752-22-0510-I-1, 2024 WL 3898014 (M.S.P.B. Aug. 21, 2024); S.A. 33–42 (Final Decision). Relying on its precedent in *Penland v. Department of the Interior*, the Board explained that the most relevant Douglas factors where adverse action resulted from failure to meet a condition of employment are: "'(1) the nature of the offense; (2) its effect on an appellant's performance of the job; and (3) the availability and effect of alternative sanctions.'" S.A. 35 (quoting 2010 WL 5494252 at *2, 115 M.S.P.R. at 477, ¶ 8 (2010)). Because there was no record evidence that the deciding official fully considered these factors prior to his decision, the Board found that the agency's penalty of removal was not entitled to deference. S.A. 36. It nonetheless found that the

"removal penalty lies within the bounds of reasonableness" because (1) Ms. Rose failed to obtain required certification to perform the duties of her job, (2) this burdened other employees who had to do work that should have been assigned to her, and (3) as the administrative judge found, the agency was not required to consider reassignment and there was no evidence of other vacant positions which did not require IA Certification. S.A. 36–37.

Ms. Rose petitioned for review of the Board's Final Order in this court.[3] We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II

The scope of our review in an appeal from the Board is limited. We must affirm the Board's decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Higgins v. Dep't of Veterans Affs.*, 955 F.3d 1347, 1353 (Fed. Cir. 2020). "We review the Board's factual findings . . . for substantial evidence." *Rueter v. Dep't of Com.*, 63 F.4th 1357, 1364 (Fed. Cir. 2023). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to

---

[3]    The Government asks us to dismiss Mr. Rose's petition for review as untimely because it was received by this court a day late. Inf. Response Br. 29–31. We decline to consider the Government's arguments regarding the inapplicability of equitable tolling and exercise our discretion to reach the merits. *See Harrow v. Dep't of Def.*, 601 U.S. 480, 489 (2024) (holding "§ 7703(b)(1)'s deadline is non-jurisdictional" and noting "nonjurisdictional timing rules are presumptively subject to equitable tolling." (cleaned up) (internal citation and quotation marks omitted)).

support a conclusion.'" *Id.* (quoting *Simpson v. Off. of Pers. Mgmt.*, 347 F.3d 1361, 1364 (Fed. Cir. 2003)). Moreover, the Board's credibility determinations "are virtually unreviewable," *Hambsch v. Dep't of the Treasury*, 796 F.2d 430, 436 (Fed. Cir. 1986), and will not be disturbed unless "inherently improbable or discredited by undisputed evidence or physical fact." *Dittmore-Freimuth Corp. v. United States*, 390 F.2d 664, 685 (Ct. Cl. 1968).

## III

We have held that "[a]n employing agency must establish three criteria when taking an adverse action against an employee." *Malloy v. U.S. Postal Serv.*, 578 F.3d 1351, 1356 (Fed. Cir. 2009). "First, it must establish by preponderant evidence that the charged conduct occurred. Second, it must show a nexus between that conduct and the efficiency of the service. Third, it must demonstrate that the penalty imposed was reasonable in light of the relevant factors set forth in *Douglas*." *Id.* (internal citations to 5 U.S.C. §§ 7701(c)(1)(B), 7513(a) omitted). Where the *Douglas* factors are concerned, "the MSPB must make sure that the agency considered all factors relevant to the case." *Hayes v. Dep't of the Navy*, 727 F.2d 1535, 1540 (Fed. Cir. 1984). The relevant factors are case-dependent and need not include all twelve *Douglas* factors. *See Kumferman v. Dep't of the Navy*, 785 F.2d 286, 291 (Fed. Cir. 1986) ("It is not reversible error if the Board fails expressly to discuss all of the *Douglas* factors. The Board need only determine that the agency considered the factors significant to the particular case." (internal citations omitted)).

On appeal, Ms. Rose argues that the agency failed to consider the *Douglas* factors prior to her removal, and that the Board erroneously conducted a *Douglas*-factor analysis on the agency's behalf. The Board's finding that the agency failed to consider the *Douglas* factors is not grounds for reversal because the Board has the authority to independently weigh the relevant *Douglas* factors where an

agency's penalty determination is not entitled to deference. *See Tartaglia v. Dep't of Veterans Affs.*, 858 F.3d 1405, 1408 (Fed. Cir. 2017). The three factors the Board considered relevant here correspond to *Douglas* factors one, five, and twelve. S.A. 35.[4] These are the factors that the Board has consistently recognized as most relevant to determining the penalty for failure to satisfy a condition of employment. *See Shoffner v. Dep't of the Interior,* 8 MSPB 596, 9 M.S.P.R. 265, 267 (1981); *Penland*, 2010 WL 5494252, at *2, 115 M.S.P.R. at 477, ¶ 8). There is no reason to believe that the Board failed to consider or independently assess any relevant *Douglas* factor, nor has Ms. Rose made

---

[4] The Government argues that a *Douglas*-factor analysis was not needed to sustain Ms. Rose's penalty at all. Inf. Response Br. 5, 22. For support, the Government cites to cases in which an employee was removed for failing to maintain a security clearance that was a condition of employment. *Id.* (citing *Ryan v. Dep't of Homeland Sec.*, 793 F.3d 1368, 1372 (Fed. Cir. 2015); *Robinson v. Dep't of Homeland Sec.*, 498 F.3d 1361, 1365 (Fed. Cir. 2007); *Adams v. Dep't of Def.*, 688 F.3d 1330 (Fed. Cir. 2012)). Both the Board and this Court have recognized that "removal based upon failure to maintain a required security clearance differs from the typical adverse action." *Blagaich v. Dep't of Transp.*, 63 F. App'x 476, 478–79 (Fed. Cir. 2003). The Board does not have jurisdiction to examine the underlying merits of a security clearance determination, and in the narrow context where an employee is removed because their security clearance is revoked, the *Douglas* factors do not apply. *See Hesse v. Dep't of State*, 217 F.3d 1372, 1375–76 (Fed. Cir. 2000); *Robinson*, 498 F.3d at 1364–65; *Rodriguez v. Dep't of Homeland Sec.*, No. 2023-1833, 2023 WL 8494741, at *4 (Fed. Cir. 2023). We decline to treat failure to satisfy a training or certification requirement as analogous to failure to maintain security clearance.

any such allegation. Moreover, the agency's removal penalty is not so harsh and grossly or unconsciously disproportionate to the offense that it amounts to an abuse of discretion for the Board to have found it reasonable. *See Webster v. Dep't of Army*, 911 F.2d 679, 685 (Fed. Cir. 1990) ("Our review of penalty . . . is highly deferential.").

Ms. Rose's remaining arguments are that the Board erred in (1) not finding that the agency was required to give her the option of completing a less difficult course which would have satisfied the IA certification requirement, (2) finding that her removal promoted the efficiency of the service, and (3) finding that there was no agency regulation or policy requiring reassignment. Pet. Inf. Br. 4–5. We sustain each of these findings of fact because they are supported by substantial evidence. *See* S.A. 15–16 (finding that Ms. Rose's testimony that she was forced to take the more difficult course was not credible, given that the agency had a list of approved courses and certifications, and that Ms. Rose chose the CompTIA Security Plus course of her own accord); S.A. 21 (finding that the agency's evidence demonstrated that removal promoted the efficiency of the service because as a result of Mr. Rose's lack of certification, co-workers had to take over Ms. Rose's work, supervisors could not trust her to fulfill her duties, and the agency's mission was frustrated); S.A. 37 (Board summarizing that "the administrative judge found, and the appellant does not dispute, that there is no agency regulation or policy requiring reassignment under these circumstances").

## IV

We have considered Ms. Rose's remaining arguments and find them unpersuasive. Because the Board's decision upholding the Air Force's removal of Ms. Rose was supported by substantial evidence and otherwise reasonable and in accordance with law, we affirm.

**AFFIRMED**

8                                                          ROSE v. AIR FORCE

COSTS

No costs.