NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DOROTHY BURKS (THOMAS),**
*Petitioner,*

**v.**

**UNITED STATES POSTAL SERVICE,**
*Respondent.*

---

2014-3115

---

Petition for review of the Merit Systems Protection Board in No. AT-0752-12-0577-I-1.

---

Decided: December 8, 2014

---

DOROTHY BURKS (THOMAS), of Phoenix, Arizona, pro se.

WILLIAM P. RAYEL, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and PATRICIA M. MCCARTHY, Assistant Director.

---

Before DYK, WALLACH, and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge.*

Dorothy Thomas was removed from the United States Postal Service for failure to be regular in attendance. Ms. Thomas was absent during a period of at least six weeks and failed to respond to the Postal Service's repeated requests to justify this absence. After a hearing, the Merit Systems Protection Board concluded the Postal Service met its burden to prove the charge and to establish the penalty of removal was reasonable. Because the Board's decision was supported by substantial evidence and did not involve an abuse of discretion, we affirm.

I

Ms. Thomas is a former employee of the Postal Service. She worked as a Part Time Flexible City Carrier in the Riverdale, Georgia, post office. On April 2, 2010, the Postal Service decided to separate Ms. Thomas due to her absence without leave for more than a year. Ms. Thomas's union filed a grievance arguing the Postal Service failed to follow required procedures. On June 17, 2010, the Postal Service rescinded its separation decision. As a result, Ms. Thomas remained an employee on leave without pay.

More than a year later, on January 24, 2012, the Postal Service sent a letter to Ms. Thomas asking her to provide medical documentation supporting her "continued absence from work which began prior to January 2011." J.A. 65. On February 3, 2012, the Postal Service sent another letter instructing Ms. Thomas to report to the Riverdale office for an investigative review regarding her absence. Both letters were mailed to Ms. Thomas's address of record in Atlanta, Georgia, and copies were sent to her union. Ms. Thomas did not respond to either. On March 13, 2012, the Postal Service sent a Notice of Removal for "failure to respond to official directives" and

"absen[ce] and unavailab[ility] for duty without official leave."

On March 14, 2012, after learning of this notice from a union representative, Ms. Thomas called a manager at the Riverdale post office to explain she had moved to Indiana and therefore did not receive the letters or the Notice of Removal. Ms. Thomas agreed to submit the requested medical documentation promptly. The Postal Service rescinded its Notice of Removal on March 20, 2012.

The same day, the Postal Service sent a new letter to Ms. Thomas, this time to her Indiana address, instructing her to report to the Riverdale post office for an investigative interview regarding her prolonged absence. The letter warned that failure to attend would result in "corrective action." Ms. Thomas did not report for the interview, call to reschedule, or submit any medical documentation supporting her continued absence.

On April 6, 2012, the Postal Service issued a Notice of Proposed Removal. The charges were "Failure to be Regular in Attendance" and "Absen[ce] Without Official Leave (AWOL)." *See* U.S. Postal Service, Employee and Labor Relations Manual § 665.41–665.42. The Notice alleged Ms. Thomas had been "absent and unavailable for duty since prior to January 2011," "failed to provide any documentation to substantiate or support" this absence, and "failed to respond to previous official directives . . . ." J.A. 74. Neither Ms. Thomas nor her union responded to this notice.

On May 4, 2012, the Postal Service issued a decision letter informing Ms. Thomas she would be removed from the Postal Service effective May 11, 2012. The deciding official found the uncontested charges supported by the evidence, but noted Ms. Thomas had been "absent and unavailable for duty since February 26, 2012," instead of

"since prior to January 2011," as claimed in the Notice of Proposed Removal.

Ms. Thomas appealed this decision to the Merit Systems Protection Board. After a hearing, an Administrative Judge found the Postal Service had established the charge of failure to be regular in attendance. The Administrative Judge found Ms. Thomas was absent from at least January of 2011 until her removal in May of 2012. Further, the Administrative Judge found that the Postal Service had established a nexus between this prolonged absence and the efficiency of the service, and that the penalty of removal was reasonable under the circumstances.

Ms. Thomas filed a petition for review. The Board denied the petition and affirmed the Administrative Judge's decision, with one modification. Because the Postal Service's final removal decision states that Ms. Thomas had been absent since February 26, 2012, the Board changed the Administrative Judge's finding of absence since January of 2011 to a finding of absence since February 26, 2012. Ms. Thomas now appeals to this court. We have jurisdiction under 5 U.S.C. § 7703.

II

Our review of Board decisions is limited by statute. *See* 5 U.S.C. § 7703(c). We must affirm the Board's factual findings as long as they are supported by substantial evidence, or "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Abrams v. Soc. Sec. Admin.*, 703 F.3d 538, 542 (Fed. Cir. 2012) (internal quotation marks and citation omitted). We must affirm the Board's decision to sustain the penalty imposed unless the penalty was "so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion." *Parker v. U.S. Postal Serv.*, 819 F.2d 1113, 1116 (Fed. Cir. 1987) (internal quotation marks and citation omitted).

III

The Postal Service has the burden to prove its charge of "failure to be regular in attendance" by a preponderance of the evidence. *See Vaughn v. U.S. Postal Serv.*, 109 M.S.P.R. 469, 476 (2008). It must also establish that any disciplinary action "promotes the efficiency of the service and that the imposed penalty is reasonable." *Id.* at 476–77.

To take disciplinary action against an employee for absences, the Postal Service must show each absence "was not requested and approved in advance . . . ." *Stratton v. U.S. Postal Serv.*, 89 M.S.P.R. 337, 342 (2001) (citing *Williams v. U.S. Postal Serv.*, 68 M.S.P.R. 150, 156 (1995)). The Board found, and Ms. Thomas does not contest, that Ms. Thomas was absent for approximately six weeks from February 26, 2012 until April 6, 2012, when the Postal Service issued its Notice of Proposed Removal. There is no evidence in the record that Ms. Thomas's absences were specifically requested or approved in advance. To the contrary, the record shows the Postal Service repeatedly instructed Ms. Thomas, by mail and by phone, to justify her continued absence. The Postal Service warned that failure to do so would result in disciplinary action. Ms. Thomas failed to respond to these requests or to otherwise communicate with the Postal Service. Accordingly, substantial evidence supports the Board's determination that Ms. Thomas's absences were actionable.

The Board has previously held that "numerous instances of absence and tardiness" constitute a failure to be regular in attendance. *Brin v. U.S. Postal Serv.*, 49 M.S.P.R. 549 (1991). It has relied on fewer than six weeks of absences in previous cases. *See, e.g., Jones v. U.S. Postal Serv.*, 110 M.S.P.R. 674, 675 (2009) (eleven unscheduled absences during a three-month period); *Stratton,* 89 M.S.P.R. at ¶ 10 (sixteen incidents of absence

and tardiness); *Byers v. U.S. Postal Serv.*, 78 M.S.P.R. 456, 458, 463–64 (1998) (nine or fewer incidents of unscheduled leave during a four-month period, in addition to a prior disciplinary record based on attendance). Here, we find that Ms. Thomas's absence for at least six weeks provides substantial evidence to support the Board's finding that she failed to be regular in attendance.

Ms. Thomas suggests that even if she failed to be regular in attendance, the penalty of removal was unreasonable. She notes the Administrative Judge misstated her length of service, one of the factors used to determine the appropriate penalty. *See Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305 (1981). The Administrative Judge found that Ms. Thomas had twelve years of government service. In fact, Ms. Thomas had approximately twenty eight years of combined civilian and military service in the government.

We find that this error was harmless. "In assessing the appropriateness of the agency's penalty selection, the most important factor is the nature and seriousness of the misconduct . . . ." *Jinks v. Dept. of Veterans Affairs*, 106 M.S.P.R. 627, 635 (2007). The Administrative Judge properly found that Ms. Thomas's failure to be regular in attendance without any justification for her absences was a serious offense that merits removal. An additional sixteen years to an already long period of service would not have altered this conclusion. Accordingly, we find the Board's affirmance of the penalty of removal was not an abuse of discretion

## IV

We have considered Ms. Thomas's remaining arguments and find them without merit. Because substantial evidence supports the Board's conclusion that Ms. Thomas failed to be regular in attendance, and because its decision to affirm the penalty of removal was not an abuse of discretion, we affirm.

## **AFFIRMED**

No costs.