NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SHEILA MOTT,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2017-1222

---

Petition for review of the Merit Systems Protection Board in No. AT-0752-14-0451-I-1.

---

Decided: January 26, 2018

---

MICHAEL WILSON MACOMBER, Tully Rinckey PLLC, Albany, NY, for petitioner. Also represented by NNENNE AGBAI, Washington, DC.

ELIZABETH ANNE SPECK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., ELIZABETH M. HOSFORD, NATHANAEL YALE.

---

Before MOORE, WALLACH, and STOLL, *Circuit Judges.*

WALLACH, *Circuit Judge.*

Petitioner Sheila Mott appeals a final order of the Merit Systems Protection Board ("MSPB") sustaining the initial decision of an administrative judge ("AJ") mitigating the removal of Ms. Mott from her position with Respondent Department of Veterans Affairs ("VA") to a two-grade demotion. *See Mott v. Dep't of Veterans Affairs* (*Mott II*), No. AT-0752-14-0451-I-1, 2016 WL 5070096, at ¶ 1 (M.S.P.B. Sept. 16, 2016) (MSPB Final Order); *Mott v. Dep't of Veterans Affairs* (*Mott I*), No. AT-0752-14-0451-I-1 (M.S.P.B. Apr. 15, 2016) (AJ Initial Decision) (J.A. 11–31).

Because Ms. Mott has repeatedly stated she has waived any claims of discrimination relating to her removal, we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2012). We affirm-in-part, reverse-in-part, and remand.

BACKGROUND

The parties do not dispute the relevant factual background. Ms. Mott served for fifteen years at the James A. Haley Veterans' Hospital in Tampa, FL. *See* J.A. 37. Before she was demoted, Ms. Mott served as a Supervisory Medical Administration Specialist, J.A. 32, a role in which her principal responsibilities were to: ensure that all available clinical appointment slots were filled to the maximum extent possible, which could be done "frequently, if not daily," J.A. 14; distribute scheduled appointments among the assistants; and monitor and fill open appointment slots, last minute cancelations, or no shows, J.A. 13−14, 42. In November 2013, the VA proposed and ultimately decided to remove Ms. Mott from this position based on the following three charges, some with multiple

specifications:[1]     (1) failure  to  properly  perform  duties (eleven specifications) ("Charge A"); (2) failure to perform supervisory duties (five specifications) ("Charge B"); and (3) failure  to  perform  duties  in  a  timely  manner  (one specification) ("Charge C").  J.A. 12, 32, 37, 40.  Ms. Mott subsequently appealed to the MSPB.  J.A. 11.

In *Mott I*, the AJ found that the VA failed to establish ten of the eleven specifications of Charge A and any of the specifications of Charge B.  *See* J.A. 15−19.  The AJ found that the VA proved one specification of Charge A and the only  specification  originally  filed  under  Charge  C. J.A. 16, 20–21.  The sustained specifications charged Ms. Mott with:  (1) canceling two clinics in September 2013 without  her  supervisor's  consent  due  to  unfilled  slots ("Charge  A  Specification  8"),  J.A. 33;  and  (2) failing  to ensure  a  patient's  Claim  File  ("C-File")  was  timely shipped  from  the  hospital  to  a  VA  Regional  Office,  i.e., Charge  C,  J.A. 35.    The  AJ,  inter  alia,  mitigated  Ms. Mott's removal to a demotion to Medical Support Assistant, a position which she held prior to her promotion to supervisor, because it "was undisputed that [Ms. Mott] has  performed  satisfactorily  in  lower-graded  positions." J.A. 24.  Ms. Mott appealed to the full MSPB.  *Mott II*, 2016 WL 5070096, at ¶ 1.

In *Mott II*, the MSPB affirmed the AJ's decision.  *See id.* at ¶ 1, ¶ 12.  In support of its conclusion upholding Charge  A  Specification  8,  the  MSPB  found  that "[a]lthough the [AJ] did not mention" that  Ms. Mott was out  on  sick  leave  when  the  clinics  were  canceled,  "the record reflects that [Ms. Mott] called in from home [while]

---

[1]     "Each independent specification constitutes a separate  act  or  event  that  supports  a  charge."  *Tartaglia v. Dep't of Veterans Affairs*, 858 F.3d 1405, 1407 n.2 (Fed. Cir.  2017)  (internal  quotation  marks  and  citation  omitted).

on sick leave to cancel the clinics at issue." *Id*. at ¶ 9; *see id*. ("Moreover, in her contemporaneous response to her supervisor's admonition for canceling the clinics, [Ms. Mott] acknowledged that she canceled the clinics and did not fill the slots, as the [VA] alleged, and she questioned the usefulness of the clinics."). In support of its conclusion upholding Charge C, the MSPB found that Ms. Mott's argument that she shipped the C-File after two days such that it arrived on August 9, 2013, and not September 24, 2013, as the VA alleged, lacked evidentiary support. *Id*. at ¶ 7. In relevant part, the MSPB found that, although Ms. Mott "did not anticipate" the United Postal Service ("UPS") tracking number she submitted as evidence would be defunct when the AJ attempted to review the information three years later, *id*. at ¶ 8, she still "failed to exercise due diligence" because she could not explain why she was unable to produce necessary tracking information before filing her appeal and "therefore is responsible for the absence of evidence to support her claims," *id*. (citation omitted).

## DISCUSSION

There are two main issues on appeal. First, Ms. Mott argues that substantial evidence does not support the MSPB's findings sustaining Charge A and Charge C. Pet'r's Br. 3; *see id*. at 18–26. Second, Ms. Mott argues the MSPB erred by finding the maximum reasonable penalty to be a demotion. *Id*. at 3; *see id*. at 26–29. After setting forth the applicable framework, we address each argument in turn.

## I. Standard of Review

We affirm an MSPB decision unless, inter alia, it constitutes "an abuse of discretion." 5 U.S.C. § 7703(c)(1) (2012); *see Ryan v. Dep't of Homeland Sec.*, 793 F.3d 1368, 1371 (Fed. Cir. 2015). "The MSPB abuses its discretion when the decision is based on an erroneous interpretation of the law, on factual findings that are not supported by

substantial evidence, or represents an unreasonable judgment in weighing relevant factors." *Tartaglia*, 858 F.3d at 1407–08 (internal quotation marks and citation omitted). Substantial evidence is "more than a mere scintilla of evidence, but less than the weight of the evidence." *Jones v. Dep't of Health & Human Servs.*, 834 F.3d 1361, 1366 (Fed. Cir. 2016) (internal quotation marks and citations omitted).

## II. Charges A and C

### A. Legal Standard

The VA bears the burden of proving its charges in an action based on unacceptable performance by substantial evidence. *See* 5 C.F.R. § 1201.56(b)(1)(i) (2015). "[P]roof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge." *Burroughs v. Dep't of Army*, 918 F.2d 170, 172 (Fed. Cir. 1990). "The petitioner bears the burden of establishing error in the [MSPB]'s decision." *Harris v. Dep't of Veterans Affairs*, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

### B. The MSPB Did Not Abuse Its Discretion in Sustaining Charge A

Charge A Specification 8 charged Ms. Mott with failing to properly perform her duties when she canceled two clinics scheduled for September 27 and 29, 2013, based on unfilled slots without taking appropriate steps to fill the slots and without her supervisor's consent. J.A. 33. Ms. Mott contends that the MSPB erred in sustaining the specification because: (1) she was not directly responsible for filling the clinic slots; and (2) even if she were responsible for filling the slots, it was improper to hold her accountable because she was on sick leave on the relevant date. Pet'r's Br. 19–22. We disagree.

The MSPB appropriately determined that Ms. Mott failed to properly perform her duties when she canceled two clinics "in light of the indisputable importance of

getting veterans to open clinic slots to the fulfillment of the [VA's] mission." *Mott II*, 2016 WL 5070096, at ¶ 9. In particular, Ms. Mott's supervisor testified that Ms. Mott's "primary responsibilities" were to "maximize clinic utilization and maintain clinic utilization at 85% or better." J.A. 157. Yet, Ms. Mott failed to perform those duties by going to the "extreme" of "cancel[ing] a clinic twice that was available against [her supervisor's] specific instructions and then fail[ing] to make any effort to have the clinic filled." J.A. 158. We agree that Charge A Specification 8 is directly related to the responsibilities in Ms. Mott's position description. *See* J.A. 107 (stating a supervisor is required to "[m]onitor[] timeliness of scheduling veterans' compensation and pension appointments" and "[s]upervise[] the activities of over 50 fee basis physicians to ensure adequate coverage for subspecialty examinations for the Compensation and Pension Program"), 115 (stating the position requires "[o]versight of multiple clinics throughout the week and weekends[,] . . . maintaining adequate staffing levels to meet fluctuating demands[,] . . . [and] monitor[ing] the scheduling of approximately 55 fee basis physicians"). Although Ms. Mott claims that she was not "directly responsible for manually filling [available patient] slots," Pet'r's Br. 20 (internal quotation marks omitted), given her oversight and scheduling responsibilities, as supervisor, it was her responsibility to ensure that clinics were appropriately scheduled and filled, *see* J.A. 107, 115.

We find unpersuasive Ms. Mott's contention that she should have been excused from filling the available slots because "[she] was on leave" during the dates the clinics were initially canceled. Pet'r's Br. 20. The MSPB noted that the AJ had not specifically acknowledged this fact in his Initial Decision, but concluded that it did not require reversal. *Mott II*, 2016 WL 5070096, at ¶ 9. We agree that this does not change the analysis. The record demonstrates that, after Ms. Mott returned to work, she

again canceled one of the two clinics without consent, did not otherwise make arrangements to fill the slots, and voiced disagreement with her supervisor's decision to reopen the clinics. *See* J.A. 186–87 (providing email from Ms. Mott's supervisor to Ms. Mott after she returned from sick leave stating "[t]he [September 29] clinic was reopened, and you canceled the clinic again this [m]orning [of September 27], and again without consulting me"). Further, Ms. Mott has not provided evidence to rebut her supervisor's statements that it was improper to cancel the clinics so far in advance and without his permission. *See* J.A. 186–87.

Finally, Ms. Mott argues that she could not have filled the clinic slots as quickly as her supervisor claims she should have. *See* Pet'r's Br. 20–21 (contesting the supervisor's statement that he was able to fill the slots in twenty minutes). However, Ms. Mott has presented no evidence indicating that she attempted to fill the slots. *See generally* Pet'r's Br. Consequently, her speculation regarding whether she would have had the same success is irrelevant. *See Harvin v. Merit Sys. Prot. Bd.*, 666 F. App'x. 914, 917 (Fed. Cir. 2016) ("Unsubstantiated allegations do not equal evidence."). Therefore, we affirm the MSPB's finding because substantial evidence supports its decision regarding Charge A Specification 8.

### C. The MSPB Abused Its Discretion in Sustaining Charge C

Ms. Mott alleges that the MSPB abused its discretion in sustaining Charge C because, inter alia, the AJ: (1) made improper assumptions based on a delay in email communication; and (2) considered extra-record evidence in the form of the UPS website's number tracking service to confirm whether the C-File had been delivered. Pet'r's Br. 22–26. We agree with Ms. Mott.

To sustain a charge for administrative penalty, the MSPB must support its conclusions with substantial

evidence. *See Jones*, 834 F.3d at 1366. While the AJ noted that Ms. Mott's supervisors repeatedly requested email confirmation of the C-File's shipment, the AJ wrongly concluded that Ms. Mott "failure[d] to answer" said inquiries to support a finding that Ms. Mott "more likely than not" did not timely mail the patient's C-File. J.A. 20–21 (stating only that, "[w]hile the evidence on which the [VA] relies is sparse, given the fact that both [supervisors] sen[t] numerous emails asking for information on the status of the C-File, [Ms. Mott's] failure to answer them" in part supported the VA's assertion that "this vital C-File" was not timely shipped). The AJ failed to acknowledge evidence that on August 13, 2013, four days after receiving the email from her supervisor, Ms. Mott did respond to her supervisor's questions, stating that the C-File "ha[d] already been returned" and "was received by S. Clement" of the Regional Office. J.A. 121; *see* J.A. 121–24. Contrary to the VA's assertion, *see* Resp't's Br. 29, the record actually shows that Ms. Mott's August 13, 2013 email constitutes unrebutted evidence that she responded to her supervisors' questions, and is thus sufficient to demonstrate that she returned the C-File in a timely manner, *see* J.A. 121.

The AJ also improperly relied on extra-record evidence when he manually "entered the [UPS] tracking number contained in [Ms. Mott's] response" into UPS's website to assess whether the C-File was mailed on time and made inferences against Ms. Mott because the report tied to the tracking number "could not be found" by him. J.A. 20; *see* J.A. 21 (concluding, in part, that because "the tracking number provided was not active[,] . . . the [VA] has shown it to be more likely than not that [Ms. Mott] failed to timely ensure [the C-File] was timely shipped"). Without more, including at least an adequate evidentiary foundation, the absence of a tracking number on a website does not substantiate the VA's charge against Ms. Mott, as such evidence was outside the record and is not proper

for an AJ's consideration. *See Cruz v. Dep't of the Navy*, 934 F.2d 1240, 1245 n.6 (Fed. Cir. 1991) (refusing to consider evidence that was not before the MSPB); *cf. Kyhn v. Shinseki*, 716 F.3d 572, 574−76 (Fed. Cir. 2013) (finding error where a court reviewing a veteran's claim sua sponte sought new evidence to supplement the record). The VA maintains the burden to prove the charge as alleged. *See* 5 C.F.R. § 1201.56(b)(1)(i). The VA points to no additional evidence beyond that which we have shown to be insufficient here to support its charge. *See generally* Resp't's Br. Because the VA has not proven the charge here with substantial evidence, the MSPB abused its discretion in sustaining Charge C. Accordingly, we reverse the decision of the MSPB on Charge C.

### III. The Maximum Reasonable Penalty

"In a situation where not all charges brought against an employee are upheld, any previous penalty may be called into question." *Hathaway v. Dep't of Justice*, 384 F.3d 1342, 1353 (Fed. Cir. 2004). Where, as here, the agency "gave no indication that it would have imposed a lesser penalty" if fewer than all charges were sustained, *id.*, it is our responsibility to consider "the number and seriousness of the charges sustained as compared to . . . those that have not been sustained," *Guise v. Dep't of Justice*, 330 F.3d 1376, 1381 (Fed. Cir. 2003). Because half of the charges have now been invalidated, *see supra* Section II.C, we find a remand necessary to reconsider whether a penalty less than a two-grade demotion should apply, *see Hathaway*, 384 F.3d at 1353 (collecting cases remanding to the MSPB); *see also Lachance v. Devall*, 178 F.3d 1246, 1258 (Fed. Cir. 1999) (stating remand to the MSPB, rather than the agency, is the correct course of action where the agency does not indicate it desires a lesser penalty to be imposed on fewer charges). Although the MSPB cannot "independently institute a new penalty," it may, under its authority, "mitigate to the maximum reasonable penalty." *Lachance*, 178 F.3d at 1259, 1260.

CONCLUSION

We have considered the parties' remaining arguments and find them unpersuasive. Accordingly, the Final Order of the Merit Systems Protection Board is affirmed-in-part and reversed-in-part. The case is remanded to the MSPB for consideration of the appropriate penalty to be imposed.

**AFFIRMED-IN-PART, REVERSED-IN-PART, AND REMANDED**

COSTS

Costs to Ms. Mott.