Teresa **ORDONEZ**, Petitioner,

v.

**UNITED STATES POSTAL SERVICE,**
Respondent.

No. 04–3092.

United States Court of Appeals,
Federal Circuit.

DECIDED: May 14, 2004.

Teresa Ordonez, Miami, FL, pro se.

Stephen D. Lobaugh, Principal Attorney, Washington, DC, for Respondent.

Before NEWMAN, MICHEL, and SCHALL, Circuit Judges.

PER CURIAM.

Teresa Ordonez petitions for review of the decision of the Merit Systems Protection Board, Docket No. AT0752020606–I–1, 95 M.S.P.R. 296, affirming her removal from employment with the United States Postal Service. We *affirm* the decision of the Board.

**Background**

Ms. Ordonez was removed from the agency effective May 15, 2002, for "failure to be regular in attendance." At the time of her removal she had approximately twenty-four years of Federal service, sixteen in the Air Force and eight in the Postal Service. Except for a period of about ten months immediately preceding her removal, the record shows no disciplinary action taken against her.

On Oct. 10, 2000 Ms. Ordonez was issued a letter of warning concerning her attendance, the warning citing one day of sick leave taken and seven instances of lateness. On Jan. 10, 2001 she was suspended for seven days for one instance of emergency annual leave and five latenesses. On Aug. 30, 2001 she was suspended for fourteen days for taking three days of sick leave and having seven latenesses. After another day of emergency annual leave, two instances of sick leave, and four latenesses, she was removed.

Ms. Ordonez appealed to the Board. She did not dispute the attendance records presented by the agency and argued only that she had been discriminated against because of her national origin, which is Cuban, and that the penalty of removal was unreasonable. The administrative judge found that she had not presented a *prima facie* case of discrimination and that the penalty of removal was appropriate to the circumstances of the case. The full Board declined review, and this appeal followed.

**Discussion**

The issue of discrimination is not appealed. Ms. Ordonez argues that the administrative judge (AJ) incorrectly applied the factors set forth in *Douglas v. Veterans Admin.*, 5 MSPB 313, 5 M.S.P.R. 280, 305–06 (1981). In particular, Ms. Ordonez argues that when the AJ considered her previous federal service, he mistakenly stated that she had served for eight years in the Air Force, whereas she had actually served sixteen. Ms. Ordonez argues that had the AJ realized the true length of her military service, that might have tipped the scales in her favor and led to a mitigation of her penalty of removal.

The government argues that the AJ "arguably had substantial evidence before him to support his finding that [Ms.] Ordonez had eight years of prior military service" because on her appeal form she stated that she had sixteen years of total government service instead of twenty-four. The appeal

form has two adjacent boxes for indicating length of service, one labeled "Length of government service" (box 21), the other "Length of service with acting agency" (box 22). Ms. Ordonez had entered "16" in box 21. The government acknowledges that Ms. Ordonez correctly later informed the AJ that her length of service in the Air Force was sixteen years, in her written pre-hearing submission[1] and at the hearing, but asserts that "the AJ was entitled to rely on the information she initially supplied on her appeal form."

The government does not state that the AJ found this fact correctly, although it argues that we "may not consider the military service form (DD–214) [Ms.] Ordonez attached to her informal brief because it is not part of the record below." However, her military service of sixteen years is not disputed. The government also argues that this error was harmless, stating "there is no indication that if the AJ had found [Ms.] Ordonez had eight more years of service he would have reached a different decision, particularly because he already considered her length of service a mitigation factor." We agree with the government that in this case, upon the several instances of unsatisfactory attendance and warnings and repeated offenses, the error in prior service would not have changed the result. Ms. Ordonez was warned three times about her unacceptable attendance, and those warnings were accompanied by increasingly severe disciplinary consequences. She was, or should have been, well aware of the severity of her attendance problem and the fact that continued latenesses and absences could lead to dismissal. The penalty was within the criteria of the *Douglas* factors. The

additional years of military service, on this record of performance, would not reasonably have warranted mitigation.

No costs.

---

1. Ms. Ordonez' submission of Aug. 2.2002, entitled "APPELLANT'S STATEMENT OF FACTS" begins with the sentence "Appellant is a veteran of 16 years military service and 8 years of employment with the U.S. Postal Service and is a Veteran's Preference Employee."