# United States Court of Appeals for the Federal Circuit

---

**MARK J. TARTAGLIA,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2016-2226

---

Petition for review of the Merit Systems Protection Board in No. DC-0752-14-1108-I-1.

---

Decided: June 8, 2017

---

NEIL CURTIS BONNEY, Bonney, Allenberg & O'Reilly, PC, Virginia Beach, VA, argued for petitioner.

ERIC JOHN SINGLEY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., REGINALD T. BLADES.

---

Before NEWMAN, SCHALL, and WALLACH, *Circuit Judges.*

WALLACH, *Circuit Judge.*

Petitioner Mark J. Tartaglia appeals a final order of the Merit Systems Protection Board ("MSPB"), which upheld his removal from employment with the U.S. Department of Veterans Affairs ("the VA"). *See Tartaglia v. Dep't of Veterans Affairs*, No. DC-0752-14-1108-I-1, 2016 WL 2587964, at ¶¶ 1, 16 (M.S.P.B. May 5, 2016). Because the MSPB abused its discretion when it upheld Mr. Tartaglia's removal, we vacate and remand.

BACKGROUND

The parties do not dispute the background facts relevant here. Mr. Tartaglia served as a Supervisory Security Officer and the Chief of Police at the VA's Veterans Administration Medical Center in Hampton, Virginia. J.A. 110.[1] The VA proposed Mr. Tartaglia's removal based on three charges, some with multiple specifications:[2] (1) "Abuse of Authority" (six specifications); (2) "Lack of Candor" (two specifications); and (3) "Misuse of Government Property" (one specification). J.A. 113–15. The VA's deciding official rejected Charge 3 as unsubstantiated, sustained Charge 1 based on five of the six specifications and Charge 2 based on both specifications, and removed Mr. Tartaglia from service. *See* J.A. 107–12; *see also* J.A. 81. Mr. Tartaglia subsequently appealed to the MSPB.

In an initial decision, an administrative judge ("AJ") affirmed Mr. Tartaglia's removal. *Tartaglia v. Dep't of Veterans Affairs*, No. DC-0752-14-1108-I-1 (M.S.P.B. Oct.

---

[1]    Pages 1 to 79 of the Joint Appendix accompany Mr. Tartaglia's opening brief, and pages 80 to 121 of the Joint Appendix are attached to the Government's response brief.

[2]    Each independent "specification" constitutes a separate act or event that supports a charge. *See, e.g.*, *Tompkins v. U.S. Postal Serv.*, 415 F. App'x 226, 228 (Fed. Cir. 2011).

30, 2015) (J.A. 80–94). The AJ found that the VA failed to prove either of the two specifications of Charge 2 and that it proved only three of the five specifications of Charge 1. J.A. 81–86. As to the three specifications of Charge 1, Mr. Tartaglia admitted to one of them—Specification 5. J.A. 85. That specification charged Mr. Tartaglia with instructing a subordinate to drive him in a government-owned vehicle to run a personal errand while on duty. J.A. 85. Although the AJ did not sustain all of the VA's charges for removal, she concluded that the VA reasonably removed Mr. Tartaglia based on the three remaining specifications of Charge 1. J.A. 87–89. Mr. Tartaglia subsequently petitioned the full MSPB for review of the AJ's initial decision.

In its Final Order, the MSPB sustained Mr. Tartaglia's removal. *See Tartaglia*, 2016 WL 2587964, at ¶ 16. Although the MSPB found that the VA failed to prove two of the three remaining specifications of Charge 1, *id.* at ¶¶ 6–13, it upheld Mr. Tartaglia's removal based solely on Specification 5 to Charge 1, *id.* at ¶¶ 14–16. In support of its conclusion, the MSPB found that (1) removal fell within the VA's Table of Penalties for the misconduct in question; (2) Mr. Tartaglia's "misconduct was particularly serious because it went beyond merely misappropriating a Government vehicle, but also included instructing a subordinate to help him do so"; (3) mitigating factors such as Mr. Tartaglia's "outstanding work record and lack of prior discipline" were "temper[ed]" because Mr. Tartaglia had served with the VA for "only approximately [four] years"; and (4) Mr. Tartaglia expressed remorse "only after initially denying the misconduct to [VA] investigators." *Id.* at ¶ 16 (citations omitted). The MSPB concluded that these factors, when considered against the higher standards of conduct that attach to supervisors and law enforcement officials like Mr. Tartaglia, supported the VA's decision to remove Mr. Tartaglia. *See id.*

The instant appeal followed.  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2012).

DISCUSSION

I. Standard of Review

We affirm an MSPB decision unless, inter alia, it constitutes "an abuse of discretion."  5 U.S.C. § 7703(c)(1) (2012).  The MSPB abuses its discretion when "the decision is based on an erroneous interpretation of the law, on factual findings that are not supported by substantial evidence, or represents an unreasonable judgment in weighing relevant factors."  *Gose v. U.S. Postal Serv.*, 451 F.3d 831, 836 (Fed. Cir. 2006) (internal quotation marks and citation omitted).

II. The MSPB Abused Its Discretion in Upholding Mr. Tartaglia's Removal

Mr. Tartaglia argues that the MSPB abused its discretion in sustaining the VA's decision to remove him from employment.  *See* Pet'r's Br. 5–13.  After setting forth the applicable framework, we address Mr. Tartaglia's specific arguments in turn.

A. Legal Framework

After the MSPB completed its review in this case, it sustained only one of the specifications forming the basis for Mr. Tartaglia's removal by the VA.  *See Tartaglia*, 2016 WL 2587964, at ¶¶ 6–16.  In *Lachance v. Devall*, we stated that,

> [w]hen the [MSPB] sustains fewer than all of the agency's charges, the [MSPB] may mitigate to the maximum reasonable penalty so long as the agency has not indicated either in its final decision or during proceedings before the [MSPB] that it desires that a lesser penalty be imposed on fewer charges.

178 F.3d 1246, 1260 (Fed. Cir. 1999). It is undisputed that, in this case, the VA did not indicate either in its final decision or during proceedings before the MSPB that it desired that a lesser penalty be imposed based upon Charge 1, Specification 5, alone. In ruling on Mr. Tartaglia's petition, the MSPB therefore recognized that it was in a *Lachance* situation. *See Tartaglia*, 2016 WL 2587964, at ¶ 15. Thus, it was for the MSPB to determine the "maximum reasonable penalty" to be imposed upon Mr. Tartaglia.

In *Douglas v. Veterans Administration*, the MSPB set forth twelve factors to be considered in determining the appropriate penalty for the subject employee. *See* 5 M.S.P.B. 313, 331–32 (1981); *see also Zingg v. Dep't of Treasury*, 388 F.3d 839, 844 (Fed. Cir. 2004) (explaining that *Douglas* "requires" the employing agency to consider the twelve factors but "does not mandate that any particular factor be given special treatment[] or that all factors be considered in every case without regard to their relevancy"). When (as here) the MSPB itself must determine the penalty, the MSPB is required to "independently *balance* the relevant *Douglas* factors with heightened sensitivity when reviewing agency penalties upon fewer charges than those brought by the agency." *Lachance*, 178 F.3d at 1257. The *Douglas* factors the MSPB considered relevant here were "the employee's past disciplinary record" and "past work record, including length of service, performance on the job, ability to get along with fellow workers, and dependability." *Douglas*, 5 M.S.P.B. at 332; *see Tartaglia*, 2016 WL 2587964, at ¶ 16 (analyzing these factors). We defer to the MSPB's choice of penalty "unless the penalty exceeds the range of permissible punishment specified by statute or regulation, *or unless the penalty is so harsh and unconscionably disproportionate to the offen*[*s*]*e that it amounts to an abuse of discretion*." *Zingg*, 388 F.3d at 843 (emphasis added) (internal quotation marks and citation omitted).

B. The MSPB's Final Order Rested Upon Unsupported
Factual Findings

Mr. Tartaglia raises a series of arguments alleging that the MSPB abused its discretion in sustaining the VA's decision to remove him from employment. *See* Pet'r's Br. 5–13. Several of these arguments ask us to reweigh the evidence, *see id.* at 8–10 (inviting the court to reweigh the evidence as to Mr. Tartaglia's prior disciplinary record, his remorse over the misconduct, and his intent), which we may not do, *see Zingg*, 388 F.3d at 844 (explaining that "the weight to be given the relevant [*Douglas*] factors lies primarily within the agency's broad discretion to determine the appropriate penalty for a particular case").

Those points notwithstanding, we do agree with Mr. Tartaglia that the MSPB abused its discretion in sustaining the VA's imposition of the penalty of removal. Specifically, Mr. Tartaglia contends that substantial evidence does not support the MSPB's factual finding as to the length of his Federal Government service and that the erroneous finding infected the MSPB's analysis of certain *Douglas* factors. *See* Pet'r's Br. 7–8, 11–12. We agree.

The record establishes that the MSPB miscalculated the length of Mr. Tartaglia's federal service. The MSPB found that Mr. Tartaglia served the VA for "approximately [four] years," *Tartaglia*, 2016 WL 2587964, at ¶ 16, but the record shows that Mr. Tartaglia actually worked for the VA for fourteen years and that he served in the military for another five years,[3] *see* J.A. 27–28 (discussing his

---

3    In its brief, the Government concedes that the MSPB erred. *See* Resp't's Br. 11 ("*Although Mr. Tartaglia is correct that he worked for the VA for more than four years*, the MSPB's decision correctly reflects that Mr. Tartaglia was employed for only four years at the VA

VA service), 70–72 (discussing his military service); *see also Burks v. U.S. Postal Serv.*, 593 F. App'x 988, 991 (Fed. Cir. 2014) (acknowledging the relevance of an employee's military service when analyzing "length of service" under *Douglas*); *Ordonez v. U.S. Postal Serv.*, 99 F. App'x 904, 906 (Fed. Cir. 2004) (same); *accord Boo v. Dep't of Homeland Sec.*, 122 M.S.P.R. 100, 112 (2014) (considering employee's military service in its "length of service" analysis). The MSPB's miscalculation affected its assessment of at least two *Douglas* factors—Mr. Tartaglia's past disciplinary record and his past work record. *See Tartaglia*, 2016 WL 2587964, at ¶ 16 (explaining that Mr. Tartaglia's purported four-year tenure "temper[ed]" mitigating factors such as his "outstanding work record and lack of prior discipline" (citations omitted)). As a result, the MSPB abused its discretion because it used facts unsupported by substantial evidence in its analysis. *See Valdez v. Dep't of Navy*, 369 F. App'x 139, 142 (Fed. Cir. 2010) ("When an agency has improperly applied the *Douglas* factors in selecting a penalty, it has abused its discretion."). The MSPB must reassess Mr. Tartaglia's removal in light of the correct facts.

Although the MSPB abused its discretion in sustaining the penalty of removal, we decline Mr. Tartaglia's invitation to "reverse the decision of the [MSPB], suspend [him] for thirty (30) days, and order the [VA] to reinstate [him] with backpay and benefits, including interest and attorney fees." Pet'r's Br. 14 (capitalization omitted). Mr. Tartaglia's request would have us fashion the precise penalty for his misconduct. However, when (as here) the MSPB sustains less than all charges and the agency has not indicated that it would impose a lesser penalty, it is for the MSPB (not this court or the agency) to determine

---

facility in Hampton, Virginia." (emphasis added) (citation omitted)).

the penalty. *See Hathaway v. Dep't of Justice*, 384 F.3d 1342, 1353 (Fed. Cir. 2004) ("Our precedent in *Lachance* . . . requires that in such circumstances the case return to the [MSPB] rather than the agency." (citation omitted)). Accordingly, we vacate the Final Order of the MSPB and remand the case to the MSPB for determination under *Lachance* of some penalty less than removal. We say "less than removal" because we conclude that, in the circumstances of this case, removal would be unreasonable and disproportionate to the relatively minor offense committed (i.e., running a personal errand using a government-owned vehicle), particularly in light of Mr. Tartaglia's total of nineteen years of combined military and civil service and the fact that he had not previously been charged with misconduct. *See Zingg*, 388 F.3d at 843; *see also* Pet'r's Br. 8 (stating that "Mr. Tartaglia had no prior disciplinary record"); Resp't's Br. 11 (acknowledging Mr. Tartaglia's "lack of prior disciplinary history"). On remand, the MSPB will have the opportunity to determine the appropriate penalty for Mr. Tartaglia that is less than removal. *See Hathaway*, 384 F.3d at 1353; *see also Miguel v. Dep't of Army*, 727 F.2d 1081, 1084 (Fed. Cir. 1984) (remanding "for . . . determination . . . of an appropriate lesser penalty" when a single charge against an employee was sustained but this court found the penalty of removal to be an abuse of discretion).

## CONCLUSION

We have considered the parties' remaining arguments and find them unpersuasive. Accordingly, the Final Order of the MSPB is vacated. The case is remanded to the MSPB for further proceedings consistent with this opinion.

## VACATED AND REMANDED

### COSTS

Costs to Mr. Tartaglia.