# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARVIN R. SMITH,

      Appellant,

        v.

DEPARTMENT OF THE ARMY,

      Agency.

DOCKET NUMBER
SF-0752-21-0090-I-1

DATE: September 29, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Shawn A. Luiz</u>, Esquire, Honolulu, Hawaii, for the appellant.

<u>John H. Stephenson, II</u>, Esquire, Tripler Army Medical Center, Hawaii, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed his removal for conduct unbecoming a Police Officer. On review, he reasserts that the agency failed to prove the charge and argues that the administrative judge erred in concluding the penalty of removal was within the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

tolerable limits of reasonableness. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address the appellant's assertion that he had 20 years of Federal service and to recognize that the administrative judge erred in determining that the deciding official did not consider the appellant's prior discipline as an aggravating factor in electing the penalty of removal, we AFFIRM the initial decision.

¶2         On review, the appellant asserts that he had 20 years of service for which the agency gave him "no credit" when determining the reasonableness of the penalty under the relevant factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981). Petition for Review (PFR) File, Tab 1 at 8. The appellant alleged below that he had over 19 years of service with the Department of Defense, including military service as a combat Marine. Initial Appeal File (IAF), Tab 1 at 14. An employee's military service is relevant when analyzing length of service under *Douglas*. *Tartaglia v. Department of Veterans Affairs*, 858 F.3d 1405, 1409 (Fed. Cir. 2017). It is unclear from the record exactly how many years of military and civilian service the appellant had; however, a Standard Form 50 in the record reflects a service computation date in

September 2000. IAF, Tab 1 at 34. Thus, it appears the appellant had 20 years of service at the time of his September 2020 removal. IAF, Tab 5 at 77-78.

¶3     In reviewing the deciding official's penalty assessment, the administrative judge noted that the deciding official stated in his decision that he considered the appellant's service as a Police Officer for over 10 years and that he subsequently testified that he considered the appellant's 16 years in law enforcement against him because he was a seasoned officer who "should have known better." IAF, Tab 26, Initial Decision (ID) at 28-29; IAF, Tab 5 at 77. The administrative judge correctly found error in the deciding official's determination that the appellant's length of service was an aggravating factor. IAF, Tab 5 at 77; ID at 28-29; *see Shelly v. Department of the Treasury*, 75 M.S.P.R. 677, 684 (1997) (finding that the agency erred in determining the appellant's 23 years of service was an aggravating factor because a longtime employee "should have known better" and instead finding that 23 years of service with no prior discipline was a factor supporting leniency). She reweighed his 16 years of service, considering it a mitigating factor but nonetheless sustaining the removal. ID at 28-29.

¶4     However, the administrative judge did not address the appellant's claim that, instead of 16 years of service, he had over 19 years of service. We modify her decision to address that claim but nevertheless agree that removal is appropriate. In *Tartaglia*, 858 F.3d at 1407, 1409-10, the U.S. Court of Appeals for the Federal Circuit held that the Board abused its discretion in sustaining the penalty of removal when it miscalculated the appellant's length of service by not crediting him for an additional 15 years of military and civilian service and then discounted other *Douglas* factors, including his lack of prior discipline and outstanding work record, based on his purportedly short tenure of 4 years. Here, there is no evidence that the administrative judge discounted mitigating *Douglas* factors when she only credited the appellant for 16 years of service, instead of 19 or 20 years of service. ID at 28. Also, unlike in *Tartaglia*, in which the

miscalculation resulted in 15 years of lost credit, here the appellant only lost credit for 4 years of service.

¶5    Further, it appears that the administrative judge erroneously found "no evidence that the deciding official considered any particular disciplinary history, much less that he treated it as aggravating." ID at 28; IAF, Tab 5 at 77. On review, the appellant states that he had "no serious prior incidents or discipline," other than a written warning. PFR File, Tab 1 at 9. This statement is consistent with the administrative judge's observation that the deciding official testified that he considered the appellant's prior discipline and also referred to a letter of reprimand. ID at 28. To the extent that the administrative judge found that the deciding official did not "consider[] any particular disciplinary history" because he did not specify that the prior discipline he considered was the reprimand, we disagree. Consistent with his testimony, the record reflects that the appellant was issued a prior suspension for conduct unbecoming a Police Officer, which was reduced to a formal reprimand in 2019. IAF, Tab 14 at 5. Further, the appellant's acknowledgment that he had a prior written warning is also consistent with this testimony. Therefore, we find that the deciding official considered the appellant's prior reprimand to be an aggravating factor.

¶6    While we credit the appellant's statement that he had 20 years of service and assume for purposes of our analysis that he had no prior discipline, we still find that removal is within the parameters of reasonableness. *Chavez v. Small Business Administration*, 121 M.S.P.R. 168, ¶ 8 (2014) (explaining that when the Board sustains all of the agency's charges but finds errors in the agency's consideration of the relevant penalty factors, it will mitigate only the extent necessary to bring the penalty within the parameters of reasonableness). The appellant's misconduct was serious, and included slamming a patient into a wall and violating the agency's local security regulation by carrying a firearm with live ammunition in the chamber, particularly in light of his position as a Police Officer held to a higher standard. IAF, Tab 5 at 72-73; *see O'Lague v.*

*Department of Veterans Affairs*, 123 M.S.P.R. 340, ¶¶ 2, 18-21 (2016) (upholding the appellant's removal for falsification and sleeping on duty notwithstanding his lack of prior discipline and explaining that law enforcement officers may be held to a higher standard of conduct than other Federal employees) *aff'd per curiam*, 698 F. App'x 1034 (Fed. Cir. 2017); *Tate v. Department of Defense*, 57 M.S.P.R. 180, 189-90 (1993) (affirming a removal for absence without leave and threatening to inflict bodily harm upon a supervisor despite such mitigating factors as 24 years of service and the lack of prior discipline); *MacCormac v. Department of the Air Force*, 26 M.S.P.R. 611, 612, 614 (1985) (upholding the appellant's removal for intimidating conduct toward a subordinate and violating agency security regulations concerning possession of weapons); *MacDonald v. Department of the Navy*, 4 M.S.P.R. 403, 404-05 (1980) (sustaining the removal of a police officer for carrying a loaded firearm in a paper bag in an agency installation while off-duty). Thus, any miscalculation by the agency and the administrative judge in the appellant's length of service did not prejudice his substantive rights because even after properly weighing that factor and crediting the appellant's 20 years of service, we find that removal was reasonable. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision). Accordingly, we affirm the administrative judge's finding sustaining the appellant's removal for conduct unbecoming a Police Officer.

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of

competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.