**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MICHAEL D. DOBBINS, | DOCKET NUMBER |
| Appellant, | CH-0752-18-0471-I-1 |
| v. | |
| DEPARTMENT OF TRANSPORTATION, | DATE: July 5, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>H. Jerome Briscoe</u>, Windsor Mills, Maryland, for the appellant.

<u>Jose Ortiz</u>, Esquire, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed his demotion. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's analysis of the appellant's retaliation claim and allegation that the penalty was not consistent with penalties levied against other employees for similar offenses, we AFFIRM the initial decision.

## BACKGROUND

Effective June 29, 2014, the agency demoted the appellant from the position of Supervisory Air Traffic Control Specialist, AT-2152-EJ, to the position of Air Traffic Control Specialist, AT-2152-EH, based on the following reasons: (1) exhibiting a sleep-like state while on duty; (2) misuse of Government time; and (3) failure to comply with security procedures. Initial Appeal File (IAF), Tab 21 at 54-57, 63-64.[1] Both positions are with the Federal Aviation Administration at the Willow Run Air Traffic Control Tower in Belleville, Michigan. *Id*. at 54-55.

The appellant timely filed a Board appeal of his demotion, and he requested a hearing. IAF, Tab 1 at 1-9, Tab 50, Initial Decision (ID) at 2 & n.1. He raised the affirmative defenses of race discrimination, retaliation for activity protected under Title VII of the Civil Rights Act of 1964, and harmful procedural error. IAF, Tab 1 at 9, Tab 26, Tab 32 at 1-2, Tab 37 at 2.

---

[1] The appellant's supervisor was the proposing and deciding official. IAF, Tab 21 at 55-56, 63

After holding a hearing by video conference, the administrative judge issued an initial decision affirming the appellant's demotion. ID at 2, 17; IAF, Tab 7 at 1-2. Specifically, she found that the agency proved all of its stated reasons for the demotion, that the agency's action was taken for such cause as promotes the efficiency of the service, and that the penalty of demotion is within the bounds of reasonableness. ID at 3-9, 13-17. She further found that the appellant did not prove his affirmative defenses. ID at 9-13.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant does not challenge, and we discern no reason to disturb, the administrative judge's findings that the agency proved that the charged misconduct occurred and there was a nexus between the sustained misconduct and the efficiency of the service. PFR File, Tab 1; ID at 3-9. Instead, his arguments on review mainly concern the affirmative defenses and the reasonableness of the penalty. PFR File, Tab 1. For the following reasons, we find that he has failed to provide a basis to disturb the initial decision.[2]

The appellant's due process and harmful procedural error arguments are unavailing.

For the first time on review, the appellant argues that the agency violated his constitutional due process rights by providing false "notice" in the notice of proposed demotion that the deciding official would consider the agency's Table of Penalties. *Id*. at 2; IAF, Tab 21 at 64. The appellant asserts that the deciding official testified that he did not consider the Table of Penalties. PFR File, Tab 1

---

[2] The appellant's mere disagreement with the administrative judge's findings regarding his harmful procedural error claims does not provide a basis to disturb the initial decision. PFR File, Tab 1 at 9; ID at 9-10; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).

at 2. Further, the appellant reasserts his claim from his written closing argument that the deciding official's testimony that the Table of Penalties did not apply to the appellant as a non-bargaining-unit, supervisory employee shows that the agency committed harmful procedural error. *Id*. at 2-3; IAF, Tab 45 at 7.

The appellant has not explained why he was unable to raise his new due process argument before the administrative judge despite his due diligence. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (observing that the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence). Nevertheless, as the U.S. Court of Appeals for the Federal Circuit held in *Farrell v. Department of the Interior*, 314 F.3d 584, 593 (Fed. Cir. 2002), "there is no constitutional requirement that an agency provide advance notice of the possible range of penalties. Due process does not require that an agency post the specific penalties to which an employee could be subject for any particular violation." Moreover, the appellant has mischaracterized the deciding official's testimony. Although the deciding official testified that he believed the Table of Penalties did not apply to the appellant, he also testified that he still considered it in making his decision. ID at 16; Hearing Transcript (HT) at 38-39, 101, 107 (testimony of the deciding official). Thus, even assuming that the deciding official held a mistaken belief about the Table of Penalties, the appellant has failed to explain how the deciding official's alleged error was harmful. *See Forte v. Department of the Navy*, 123 M.S.P.R. 124, ¶ 19 (2016) (explaining that, to establish harmful error, an appellant must prove that a procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error); *see also* 5 C.F.R. § 1201.4(r) (providing that the appellant has the burden to show that the error was harmful, i.e., that it caused substantial harm or prejudice to his rights).

<u>We affirm the administrative judge's findings that the appellant failed to prove the affirmative defenses of race discrimination and retaliation for protected activity under Title VII, as modified to supplement her analysis of his retaliation claim.</u>

The appellant challenges on review the administrative judge's findings that he failed to prove the affirmative defenses of race discrimination and retaliation for protected activity under Title VII. PFR File, Tab 1 at 3-4, 7-9; ID at 10-13. To establish a claim of race discrimination or retaliation, an appellant must show that the prohibited consideration was at least a motivating factor in the personnel action at issue. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 21-22. Considering the record evidence as a whole, we agree with the administrative judge's finding that the appellant did not meet his burden of proving that race discrimination was a motivating factor in his demotion.[3] ID at 12; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding that the Board will not disturb an administrative judge's findings when the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

Regarding his retaliation claim, the appellant contends that the administrative judge erroneously failed to find that he engaged in protected activity under Title VII when he purportedly told the deciding official in February 2014 that the agency's investigation into allegations against him was the product of racial animus. PFR File, Tab 1 at 3-4. The administrative judge acknowledged the appellant's argument that his protected activity was "speaking his mind" about alleged harassment due to the investigation into the subordinate employee's allegations against him. ID at 11; IAF, Tab 26 at 2. However, she apparently found that the appellant did not engage in prior equal employment opportunity

---

[3] Because we find no error with the administrative judge's motivating factor analysis or conclusion regarding the appellant's discrimination claim, we do not reach the question of whether the appellant's race was a "but-for" cause of the demotion. *Johnson v. Department of Veterans Affairs*, 2023 MSPB 9, ¶ 5 n.2.

(EEO) activity because he filed an EEO complaint after his demotion. ID at 11-12. We modify the initial decision to supplement the administrative judge's analysis of the appellant's retaliation claim, as follows.

Even assuming that the appellant's alleged February 2014 conversation constitutes protected activity under the opposition clause of 42 U.S.C. § 2000e-3(a), we find that he has failed to prove by preponderant evidence that such activity was a motivating factor in his demotion. The appellant testified regarding the alleged February 2014 conversation with the deciding official and his belief that the agency retaliated against him for objecting to "harassment" by the subordinate employee. HT at 160-61, 177, 179-80 (testimony of the appellant). Although the deciding official did not testify about the alleged February 2014 conversation, he testified that he did not consider the subordinate employee's potential bias as a mitigating factor. HT at 105 (testimony of the deciding official).

The administrative judge acknowledged the appellant's argument that the agency's reasons for demoting him were not worthy of belief and were pretext retaliation. ID at 11. The administrative judge considered the testimony of the subordinate employee, the appellant, and the deciding official, and she concluded that the deciding official credibly testified about the reasons he proposed and decided to demote the appellant. ID at 11-12. She further found no evidence linking the subordinate employee's allegedly discriminatory animus to the deciding official's decision to demote the appellant. *Id*.; *cf. Brown v. Department of Justice*, EEOC Appeal No. 0120045121, *16 (December 20, 2006) (holding that the responsible management official did not need to have racial animus against the complainant to support a finding of discrimination when the official heavily relied upon the accounts of employees who harbored racial animus against the complainant in deciding to terminate). We find that he has failed to provide a sufficiently sound reason to disturb the administrative judge's finding that the deciding official credibly testified about the reasons he proposed and

decided to demote the appellant. ID at 11-12; *see Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). After reviewing the documentary and testimonial evidence as a whole, we find very little evidence to support the appellant's speculation that the February 2014 conversation influenced the demotion decision in any way. In particular, we find that the appellant's speculative and conclusory testimony on this issue and the close proximity in time between the alleged February 2014 conversation and his demotion, without more, are insufficient to prove by preponderant evidence that this conversation was a motivating factor in the demotion.

<u>We affirm the administrative judge's finding that the penalty of demotion is within the bounds of reasonableness, as modified to supplement her analysis of the appellant's claim that the agency treated him more harshly than similarly situated individuals.</u>

For the reasons described in the initial decision, we agree with the administrative judge's findings that the deciding official considered the relevant *Douglas* factors and that the penalty of demotion is within the bounds of reasonableness. ID at 13-17; *see Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981) (articulating a nonexhaustive list of 12 factors that are relevant for consideration in assessing the reasonableness of an agency-imposed penalty). Specifically, the deciding official considered the appellant's sincere apology, length of service, lack of prior discipline, satisfactory performance, and personal and medical issues, but he justifiably decided to demote him because of the seriousness of the three offenses that were directly related to his supervisory position. ID at 15; HT at 38-41, 99-100, 105 (testimony of the deciding official); IAF, Tab 21 at 56; *see Martin v. Department of Transportation*, 103 M.S.P.R. 153, ¶ 13 (2006) (observing that the most important factor in assessing the reasonableness of a penalty is the nature and seriousness of the misconduct and its relation to the employee's duties, position, and responsibilities and that agencies are entitled to hold supervisors to a higher standard of conduct because

they occupy positions of trust and responsibility), *aff'd*, 224 F. App'x 974 (Fed. Cir. 2007).

The appellant reasserts on review his arguments from his closing argument that the agency failed to consider the following relevant factors: the lack of discipline imposed on a supervisor who was known to have slept on the job; the consistency of the penalty with the Table of Penalties; the lack of prior warning about his conduct; and certain mitigating circumstances (the illegality of the photographs, his serious back injury, his wife's car emergency, and the subordinate employee's jealousy and biased motives). PFR File, Tab 1 at 4-5; IAF, Tab 45 at 9-10. The appellant further argues that the deciding official failed to follow the guidance provided in the Table of Penalties. PFR File, Tab 1 at 7. For the reasons explained below, we discern no basis to disturb the administrative judge's finding that the deciding official considered the relevant *Douglas* factors. ID at 14.

The deciding official testified that he considered the appellant's back injury as a mitigating factor but not the subordinate employee's possible bias or the illegality of the photographs. HT at 105-06 (testimony of the deciding official). The deciding official stated in his decision that he considered as mitigating factors the appellant's personal and medical issues that he mentioned in his written reply to the proposed demotion. IAF, Tab 21 at 56. In his written reply, the appellant discussed having medical issues and that his fiancé was pregnant and had car problems. *Id*. at 60-62. Because the appellant has failed to explain how the purported illegality of the photographs and the allegedly improper motives of the subordinate employee contributed to his misconduct, we find that the deciding official did not need to consider them as mitigating factors. *Cf. Gill v. Department of Defense*, 92 M.S.P.R. 23, ¶¶ 2, 27 (2002) (finding that the appellant's anxiety and depression and provocation by her supervisor were mitigating factors because they contributed to her disrespectful conduct).

Moreover, the record reflects that the deciding official informed the appellant in April 2013 that employee breaks away from the facility should not exceed 30 minutes typically. ID at 5-6; HT at 44-46 (testimony of deciding official); IAF, Tab 21 at 64. The record further reflects that the deciding official considered the Table of Penalties and that the penalty of demotion is within the recommended range of penalties. HT at 38-39, 101 (testimony of the deciding official). Specifically, the Table of Penalties recommends the following range of penalties for the following types of first offenses: 10-day suspension to removal for misuse of Government time; 14-day suspension to removal for failure to perform duties while sleeping or exhibiting a sleep-like state when the employee occupies a position where safety of personnel or property is endangered; and reprimand to 14-day suspension for ignoring signs, posted rules, fire alarms, or written or verbal safety instructions or regulations. IAF, Tab 18 at 42, 46-47. The appellant does not dispute that the agency proved all three offenses and that he is held to a higher standard as a supervisor.

In addition, the appellant alleges that the penalty was inconsistent with penalties previously levied against other employees for similar offenses. The "consistency of the penalty with those imposed upon other employees for the same or similar offenses" is only one of the factors for consideration in determining the reasonableness of the penalty. *Douglas*, 5 M.S.P.R. at 305. Here, the administrative judge discussed the appellant's testimony that a retired supervisor who would sleep on duty was never disciplined. ID at 14; HT at 161-63 (testimony of the appellant). However, she did not determine whether the appellant's purported comparator is similarly situated for purposes of the appellant's allegation that the agency treated him more harshly than similarly situated individuals. Therefore, we modify the initial decision to supplement the administrative judge's analysis on this issue.

After the administrative judge issued the initial decision, the Board issued *Singh v. U.S. Postal Service*, 2022 MSPB 15. In *Singh*, the Board stated that the

universe of potential comparators "should be limited to those employees whose misconduct and/or other circumstances closely resemble those of the appellant." *Id.*, ¶ 13.

Here, we find that the appellant has failed to provide a valid comparator because the retired supervisor did not purportedly engage in "the same or similar offenses" as him, i.e., exhibiting a sleep-like state while on duty, misuse of Government time, and failure to comply with security procedures. *Douglas*, 5 M.S.P.R. at 305; *see Singh*, 2022 MSPB 15, ¶ 17 (observing that the Board should not attempt to weigh the relative seriousness of various offenses in order to determine whether two employees who committed different acts of misconduct were treated differently). Therefore, we find that the appellant has failed to establish that the agency treated him more harshly than similarly situated individuals. We further find that the deciding official's testimony that he worked with Human Resources to confirm that demotion was consistent with the penalties previously imposed for similar offenses by other employees proves that the agency considered the corresponding *Douglas* factor. ID at 16; HT at 37-38, 101, 108 (testimony of the deciding official); *see Douglas*, 5 M.S.P.R. at 305.

To support his arguments, the appellant cites the following court cases finding that the Board erred in analyzing the relevant *Douglas* factors: *Tartaglia v. Department of Veterans Affairs*, 858 F.3d 1405 (Fed. Cir. 2017); and *Bal v. Department of the Navy*, 729 F. App'x 923 (Fed. Cir. 2018). PFR File, Tab 1 at 5-6. He also cites a decision from the District of Columbia, Office of Employee Appeals (OEA), discussing a finding by the District of Columbia Court of Appeals that an administrative law judge erred by failing to discuss the relevant *Douglas* factors. PFR File, Tab 1 at 6; *see Washington v. District of Columbia Public School System, Department of Transportation*, OEA Matter No. 1601-0129-11R16 (July 18, 2016), *available at* https://casesearch.oea.dc.gov. Here, because we agree with the administrative judge's thorough and

well-reasoned analysis of the relevant *Douglas* factors, as modified, we find that the cases cited by the appellant are unavailing. ID at 13-17.

Accordingly, we affirm the agency's demotion action. *See Little v. Department of Transportation*, 112 M.S.P.R. 224, ¶¶ 2, 5, 32 (2009) (concluding that, given the multiplicity of charges, the serious nature of each of the charges, the appellant's status as a supervisor, his admissions regarding his misconduct, and the deciding official's proper consideration of the relevant *Douglas* factors, the administrative judge properly affirmed the appellant's demotion from a Supervisory Air Traffic Control Specialist to an Air Traffic Control Specialist).

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and you wish to challenge the Board's rulings on your whistleblower claims only, excluding all other issues, then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.