**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MARK J. TARTAGLIA, | DOCKET NUMBER |
| Appellant, | DC-0752-14-1108-A-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: July 8, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Neil C. Bonney</u>, Esquire, Virginia Beach, Virginia, for the appellant.

<u>Timothy M. O'Boyle</u>, Esquire, Hampton, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a petition for review of the addendum initial decision, which denied his motion for attorney fees. For the reasons discussed below, we GRANT the appellant's petition for review, REVERSE the addendum initial decision, and GRANT the appellant's motion for attorney fees.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The agency removed the appellant for misconduct on September 19, 2014, and the appellant appealed his removal to the Board. *Tartaglia v. Department of Veterans Affairs*, MSPB Docket No. DC-0752-14-1108-I-1, Initial Appeal File (IAF), Tab 1. After extensive litigation, including a remand from the United States Court of Appeals for the Federal Circuit, the administrative judge issued an initial decision mitigating the appellant's removal to a 30-day suspension. *Tartaglia v. Department of Veterans Affairs*, MSPB Docket No. DC-0752-14-1108-M-1, Remand File, Tab 9, Remand Initial Decision (RID) (Mar. 28, 2019); *Tartaglia v. Department of Veterans Affairs*, 858 F.3d 1405 (Fed. Cir. 2017). Neither party petitioned for review, and the remand initial decision became final. *See* 5 C.F.R. § 1201.113. The administrative judge ordered the agency to, among other things, mitigate the removal to a 30-day suspension and pay the appellant the appropriate amount of back pay. RID at 4.

On June 6, 2019, the appellant filed a petition for enforcement, seeking reinstatement and back pay. *Tartaglia v. Department of Veterans Affairs*, MSPB Docket No. DC-0752-14-1108-C-1, Compliance File (CF). On November 14, 2019, the administrative judge denied the petition, finding that the appellant entered into disability retirement retroactive to the date of his removal, and that status quo ante relief therefore did not require the agency to reinstate him or give him back pay. CF, Tab 12. The appellant filed a petition for review of the compliance initial decision, and the Board issued a nonprecedential final order denying the petition for review. *Tartaglia v. Department of Veterans Affairs*, MSPB Docket No. DC-0752-14-1108-C-2, Final Order (July 8, 2024); *Tartaglia v. Department of Veterans Affairs*, MSPB Docket No. DC-0752-14-1108-C-1, Petition for Review File, Tab 1, Tab 5, Final Order.

Meanwhile, on May 8, 2019, the appellant filed the instant motion for attorney fees, seeking $4,640 in attorney fees incurred during the remand and attorney fee proceedings. Attorney Fee File (AFF), Tabs 1, 3, 5. The

administrative judge issued an addendum initial decision, denying the appellant's motion. AFF, Tab 6, Addendum Initial Decision (AID). The administrative judge found that the appellant was eligible for attorney fees because he was the prevailing party in the case and an attorney-client relationship existed. AID at 4-6. However, despite the appellant's eligibility for attorney fees, the administrative judge found that he was not entitled to them because a fee award was not warranted in the interest of justice. AID at 6-7. Specifically, he found that the appellant enjoyed a minimal level of success because he had not been reinstated to his former position or any other position, and he had not received back pay. AID at 7.

The appellant has filed a petition for review, disputing the administrative judge's analysis. Petition for Review (PFR) File, Tab 1. The agency has filed a reply to the petition for review, and the appellant has filed a reply to the agency's response. PFR File, Tabs 3, 4.

## ANALYSIS

To establish entitlement to an award of attorney fees under 5 U.S.C. § 7701(g)(1), an appellant must show that (1) he was the prevailing party; (2) he incurred attorney fees pursuant to an existing attorney-client relationship; (3) an award of fees is warranted in the interest of justice; and (4) the amount of fees claimed is reasonable. *Hart v. Department of Transportation*, 115 M.S.P.R. 10, ¶ 13 (2010). In this case, the administrative judge found that the appellant was the prevailing party in the appeal and that he incurred attorney fees pursuant to an existing attorney-client relationship. AID at 4-6. The agency does not challenge these findings, and for the reasons explained in the addendum initial decision, we agree. Therefore, the only issues in this appeal are whether attorney fees are warranted in the interest of justice, and if so, whether the amount of fees claimed is reasonable.

An attorney fee award by the Board may be warranted in the interest of justice when, e.g.: (1) the agency engaged in a prohibited personnel practice; (2) the agency action was clearly without merit or wholly unfounded, or the employee was substantially innocent of the charges; (3) the agency initiated the action in bad faith; (4) the agency committed a gross procedural error; or (5) the agency knew or should have known that it would not prevail on the merits. *Allen v. U.S. Postal Service*, 2 M.S.P.R. 420, 434-35 (1980). In this case, the administrative judge found that attorney fees were not warranted in the interest of justice because the appellant's "minimal 'degree of success' shows he is not entitled to the payment of fees for the work performed by his counsel following the court's remand decision." AID at 6. We disagree. An appellant's "degree of success" as such is not a consideration in whether fees are warranted in the interest of justice under *Allen*.[2] Rather, it is a factor to consider in determining whether the amount of fees claimed is reasonable; a limited degree of success may warrant a downward adjustment in fees awarded. *Driscoll v. U.S. Postal Service*, 116 M.S.P.R. 662, ¶ 24 (2011). In reaching his finding on this issue, the administrative judge relied on *Farrar v. Hobby*, 506 U.S. 103 (1992), *Southerland v. Department of Defense*, 122 M.S.P.R. 51, 58 ¶ 14 (2014), and *Arnold v. Department of the Air Force*, 94 M.S.P.R. 17, ¶ 19 (2003). However, in *Farrar*, the Court observed that "the degree of the plaintiff's overall success goes to the reasonableness" of a fee award. 506 U.S. at 114 (quoting *Texas State Teachers Association v. Garland Independent School District*, 489 U.S. 782, 793 (1989)). The Court found that the petitioners' limited degree of success warranted an

---

[2] We acknowledge that the Federal Circuit has held that "the extent of a party's victory" is relevant to whether fees may be warranted in the interest of justice. *Sterner v. Department of the Army*, 711 F.2d 1563, 1567-68 (Fed. Cir. 1983). However, in so holding, the court presumed that the degree of success would reflect "the magnitude of the injustice done the employee." *Id.* at 1568. Under the facts of this case, however, the appellant's allegedly limited success was largely a product of his subsequent disability retirement. This was an intervening event wholly unrelated to the appellant's removal, and we find that it bears no relation to the magnitude of the injustice done him by the action under appeal as contemplated in the five enumerated *Allen* factors.

adjustment of the fees claimed down to $0, but it did not find that the degree of success affected whether fees were warranted in the interest of justice. *Id.* at 115-16. Likewise, in neither *Southerland* nor *Arnold* did the Board state that the appellants' limited degree of success pertained to whether fees were warranted in the interest of justice. Rather, the Board followed *Farrar* and considered the appellants' limited degree of success in "exercis[ing] our discretion under civil-service law to determine whether the attorney fees claimed [were] reasonable." *Arnold*, 94 M.S.P.R. 17, ¶ 21; *see Southerland,* 122 M.S.P.R. 51, ¶ 14.

Applying the *Allen* factors to the facts of this appeal, we find that fees are warranted in the interest of justice under the fourth category, namely that the appellant was substantially innocent of the charges. The agency removed the appellant based on five specifications of abuse of authority and two specifications of lack of candor. IAF, Tab 3 at 11-13. However, on appeal, the agency only proved a single specification of its abuse of authority charge, pertaining to a single occasion in which the appellant had a subordinate drive him on a personal errand in a government-owned vehicle. RID at 2. Notably, the appellant admitted to this specification at the predecisional stage and indicated his willingness to accept a reasonable penalty for it. IAF, Tab 3 at 22. Had the deciding official based his decision on this specification alone, the years of litigation in this appeal could likely have been avoided altogether.[3] Furthermore, in our view, the sustained specification is among the least serious of all the specifications underlying the removal action, particularly when compared to the specifications underlying the lack of candor charge. *Id.* at 54-55; *see Friedrick v.*

---

[3] This is particularly so if the deciding official had properly considered the appellant's length of service in his penalty determination. The deciding official's *Douglas* factor review sheet merely indicated that the appellant had "been employed with the Hampton [Veterans Administration Medical Center] since August 2010." IAF, Tab 3 at 16. It did not account for the appellant's previous 10 years of service with the agency or for the appellant's prior uniformed service. The Board's reliance on this document in its own penalty analysis was the source of the error that the Federal Circuit identified in its remand order. *Tartaglia*, 858 F.3d at 1409.

*Department of Justice*, 52 M.S.P.R. 126, 135 (1991) (finding lack of candor to be serious misconduct for a law enforcement officer), *aff'd*, 980 F.2d 742 (Fed. Cir. 1992) (Table). This assessment was shared by the Federal Circuit, which described the proven misconduct as "relatively minor." *Tartaglia*, 858 F.3d at 1410. An employee is substantially innocent of the charges against him, for attorney fee purposes, if he is innocent of the primary or major charges, or of the more important and greater part of the original charges. *Lambert v. Department of the Air Force*, 34 M.S.P.R. 501, 503 (1987) (quoting *Boese v. Department of the Air Force*, 784 F.2d 388, 391 (Fed. Cir. 1986)). This standard has clearly been met in this case because the agency has only been able to prove one of the seven specifications underlying its removal action, and a relatively minor one at that. *See Ceja v. Defense Logistics Agency*, 34 M.S.P.R. 399, 403 (1987); *Thomson v. Department of the Navy*, 33 M.S.P.R. 106, 111-12 (1987). Having found that the appellant was the prevailing party, he incurred attorney fees during the proceedings, and an award of attorney fees is warranted in the interest of justice, the only thing left for us is to arrive at a reasonable figure.

The most useful starting point for determining the amount of a reasonable fee award is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. *Id.* In this case, the appellant is claiming total fees of $4,640.00. AFF, Tab 5 at 10. This amount is based on 10 hours of work performed by the appellant's attorney and 1.4 hours of work performed by the attorney's paralegal related to the remand proceedings and motion for attorney fees.[4] AFF, Tab 1 at 19-22, Tab 3 at 8-9, Tab 5 at 7, 10, 14-15; *see LaMorge v. Department of Agriculture*, 6 M.S.P.R. 137, 139-40 (1981) (finding that attorney fees may be recovered for time an attorney spent on a motion for attorney fees).

---

[4] Notably, the attorney fees petition does not include fees related to the appellant's unsuccessful petition for enforcement.

The agency questioned two of the entries on the attorney's billing statements, one for 1.1 hours of "rev agency response to our PFR" and one for 1.2 hours of "conf call w/judge; pre and post discussion w/ client." AFF, Tab 1 at 21, Tab 3 at 9, Tab 4 at 5-6. In response to the agency's concerns, the appellant's attorney deducted .7 hours of reviewing the agency response, attributing that claimed time to a billing error, but he maintained that the remaining .4 hours was correct and reasonable because he used that time to reacquaint himself with the facts of the case. AFF, Tab 5 at 7, 14, 15. We accept this explanation and find that the remaining .4 hours was time reasonably spent. *See Shoemaker v. Department of Health and Human Services*, 21 M.S.P.R. 14, 17 (1984) (allowing 4 hours as reasonably spent by counsel to acquaint himself with the facts of the case). Regarding the other item, the appellant's attorney stands by the entire 1.2 hours billed. He argues that, although the conference call itself only took a few minutes, the remainder of the time accounts for a significant meeting with his client. *Id.* at 7. We also accept this explanation, which is consistent with the notation on the billing records, and we find that this was time reasonably spent. AFF, Tab 1 at 21; *see Hooks v. U.S. Postal Service*, 42 M.S.P.R. 225, 228-29 (1989) (finding that, because an attorney is obligated to keep his client informed of the status of the client's case, reasonable hours expended discussing the case are compensable in an award of attorney fees). The agency does not specifically challenge any of the remaining entries, and our review of the record reveals no apparent discrepancies or any other reason to believe that the hours claimed are excessive. We also find that a total of 10 hours of attorney time and 1.4 hours of paralegal time is facially consistent with what might be expected based on the pleadings filed in the remand and attorney fee proceedings. We therefore allow all of the claimed hours.

Regarding the charged rate, the attorney billed his own time at $450 per hour and the paralegal's time at $100 per hour. AFF, Tab 1 at 15, 17. The agency does not challenge the paralegal rate, and we find that it is consistent with

the applicable fee agreement and is otherwise reasonable on its face. AFF, Tab 3 at 7; *see Goeke v. Department of Justice*, MSPB Docket No. CB-0752-15-0228-A-1, Tab 1, Final Order (Aug. 12, 2016) (ordering fees at a paralegal rate of $145 per hour). The agency does, however, challenge the $450 per hour attorney rate as excessive because it exceeds the $400 per hour rate specified in the fee agreement. AFF, Tab 3 at 7, Tab 4 at 5. It is well settled that an hourly rate set forth in a fee agreement creates a rebuttable presumption that that amount represents the maximum reasonable fee which may be awarded. *Ceja*, 34 M.S.P.R. at 404. However, as the appellant points out, the fee agreement goes on to say that the attorney's hourly rate is subject to change, and the fee agreement was executed more than 4 years before the proceedings at issue here. AFF, Tab 3 at 7, Tab 5 at 6. We find nothing improbable about the attorney's hourly rate increasing by $50 during that time, and we see no reason to doubt the authenticity of the billing statements that reflect a $450 per hour rate or the truth of the attorney's affidavit that this is now his customary billing rate. AFF, Tab 1 at 9, 17, 20-21. Considering the attorney's experience and expertise in Federal personnel law, previous Board decisions finding the same rate as reasonable for other attorneys, and the lack of any evidence that the $450 per hour billing rate is based on anything other than market considerations, we find that the rate was reasonable. *See, e.g., Gray v. Department of Defense*, CH-0752-12-0050-A-1, Final Order, ¶ 8 (Feb. 25, 2015) (applying a $510 per hour rate for the work of a Washington, D.C. attorney between 2011 and 2014); *Kilpatrick v. Department of Veterans Affairs*, MSPB Docket No. CB-7121-13-0181-A-1, Final Order, ¶ 14 (Jan. 16, 2015) (finding $450 per hour to be a reasonable rate for an experienced Philadelphia attorney between 2009 and 2014). Because we find no reason to disallow the claimed billing rate or exclude any claimed hours from the lodestar calculation, we find that the appellant's total claimed fees of $4,640.00 represents an appropriate starting point.

The next step is to determine whether the lodestar should be adjusted upward or downward based on other considerations, including the crucial factor of the "results obtained." *Driscoll*, 116 M.S.P.R. 662, ¶ 10; *see Hensley*, 461 U.S. at 434. In determining what adjustment, if any, is appropriate, the Board will weigh the significance of the relief obtained against the relief sought. *Driscoll*, 116 M.S.P.R. 662, ¶ 27; *Smit v. Department of the Treasury*, 61 M.S.P.R. 612, 617 (1994). In this case, we find that the results that the appellant obtained were exactly the results he sought. As noted above, even during the predecisional phase, the appellant was seeking a lesser penalty rather than no penalty at all. IAF, Tab 3 at 22. Indeed, the appellant even requested before the Federal Circuit that the court reverse the removal and substitute a 30-day suspension, which was precisely the relief that he ultimately received. *Tartaglia*, 858 F.3d at 1409. Apart from his petition for enforcement, which is not encompassed in the instant attorney fee petition, the appellant has raised no unsuccessful claim whatsoever during the entire course of these proceedings. Considering that a 30-day suspension is significantly less harsh than a removal and that the appellant was seeking exactly this same mitigation during the entire course of the proceedings at issue, we find no basis to make a downward adjustment to the lodestar.

In this regard, we disagree with the administrative judge that the appellant's failure to obtain reinstatement and back pay reflects a limited degree of success on the merits of his appeal. AID at 7. The instant appeal is distinguishable from *Southerland* and *Arnold*. The appellants in those cases failed to obtain reinstatement and back pay because the Board affirmed their removals on appeal. *Southerland*, 122 M.S.P.R. 51, ¶¶ 3, 14; *Arnold*, 94 M.S.P.R. 17, ¶¶ 8, 25. In this case, the appellant's failure to obtain reinstatement and back pay was due to his subsequent disability retirement and not to lack of success in litigation. The law does not support a downward adjustment to the lodestar figure

based on the practical consequences of life events that have no legal effect on the outcome of the appeal.

For these reasons, we grant the appellant's motion for attorney fees in the full amount requested.

## ORDER

We ORDER the agency to pay the attorney of record $4,640.00 in fees. The agency must complete this action no later than 20 days after the date of this decision. Title 5 of the United States Code, section 1204(a)(2) (5 U.S.C. § 1204(a)(2)).

We also ORDER the agency to tell the appellant and the attorney promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. We ORDER the appellant and the attorney to provide all necessary information that the agency requests to help it carry out the Board's Order. The appellant and the attorney, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after the agency tells the appellant or the attorney that it has fully carried out the Board's Order, the appellant or the attorney may file a petition for enforcement with the office that issued the initial decision on this appeal, if the appellant or the attorney believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant or the attorney believes the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. *See* 5 C.F.R. § 1201.182(a).

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.